| | |
|---|---|
| FRANKLIN BROCKWAY GOWDY, SBN 47918<br>THOMAS D. KOHLER, SBN 207917<br>STEVEN R. DANIELS, SBN 235398<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA  94105-1126<br>Tel:  415.442.1000<br>Fax:  415.442.1001<br><br>MICHAEL J. LYONS, SBN 202284<br>KIRK A. GOTTLIEB, SBN 191032<br>STACEY E. STILLMAN, SBN 197459<br>MORGAN, LEWIS & BOCKIUS LLP<br>2 Palo Alto Square<br>3000 El Camino Real, Suite 700<br>Palo Alto, CA  94306-2212<br>Tel:  650.843.4000<br>Fax:  650.843.4001<br><br>Attorneys for Plaintiff<br>FUNAI ELECTRIC COMPANY, LTD. | DAVID J. MICLEAN, SBN 115098<br>MICHAEL J. CURLEY, SBN 230343<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA  94063<br>Telephone:  (650) 839-5070<br>Facsimile:    (650) 839-5071<br><br>Attorneys for Defendants<br>DAEWOO INTERNATIONAL<br>CORPORATION and<br>DAEWOO INTERNATIONAL<br>(AMERICA) CORP. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Funai Electric Company, Ltd.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Daewoo Electronics Corporation,<br>Daewoo Electronics Company, Ltd.,<br>Daewoo Electronics America, Inc.,<br>Daewoo Electronics Corporation of<br>America, Inc., Daewoo International<br>Corporation, Daewoo International<br>(America) Corp. and Daewoo Electric<br>Motor Industries Ltd.,<br><br>　　　　　　　Defendants. | Case No. C 04-1830 CRB (JL)<br><br>**STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS DAEWOO INTERNATIONAL CORPORATION AND DAEWOO INTERNATIONAL (AMERICA) CORP.** |

1     Plaintiff Funai Electric Company, Ltd. ("Funai") and Defendants Daewoo International
2  Corporation ("DIC") and Daewoo International (America) Corp. ("DIAC") respectfully submit
3  this Stipulation of Dismissal Without Prejudice of Defendants Daewoo International Corporation
4  and Daewoo International (America) Corp. pursuant to Rule 41(a)(1) of the Federal Rules of Civil
5  Procedure.
6     WHEREAS, Funai filed the complaint ("Complaint") in this action on May 7, 2004,
7  alleging infringement by, *inter alia*, DIC and DIAC of United States Patent Nos. 6,421,210;
8  RE37,332; 6,021,018; 5,815,218; 5,987,209; and 6,064,538 (collectively, the "Patents-in-Suit");
9     WHEREAS, the claims of the Patents-in-Suit generally relate to technology employed in
10 VCR (video-cassette player and/or video-cassette recorder), TVCR (television-VCR), DVD-VCR
11 (digital video disk player-VCR), and combination VCR (including but not limited to TVCR and
12 DVD-VCR) products ("VCR Products");
13    WHEREAS, DIC and DIAC have counterclaimed for declaratory judgment that the
14 Patents-in-Suit are invalid, unenforceable, or not infringed.
15    WHEREAS, on October 29, 2004, Funai served its First Set of Interrogatories to, *inter*
16 *alia*, DIC and DIAC, which include Interrogatory No. 1 requesting identification by each
17 defendant of every VCR Product it made, sold, offered for sale, used, or imported into the United
18 States on or after May 7, 1998;
19    WHEREAS, DIC and DIAC represent that their supplemental responses to Funai's
20 Interrogatory No. 1, dated May 24, 2005, disclose all responsive VCR Products;
21    WHEREAS, Funai has accused DIC of infringement of the Patents-in-Suit by selling a
22 video cassette recorder (VCR) product bearing the product number DVC-3000 (the "DVC-3000
23 Product");
24    WHEREAS, DIC represents that, from May 7, 1998 to the present, it sold a total of 9,600
25 units of the DVC-3000 Product;
26    WHEREAS, DIC represents that all 9,600 units of the DVC-3000 Product were
27 manufactured in their entirety by LG;
28    WHEREAS, DIC has obtained a letter from Sung-Yong Kang of LG Electronics ("LG")

to Shin-ichi Mizoo of Funai.  The letter indicates that the DVC-3000 products sold by DIC were manufactured by LG and are covered by a cross licensing agreement between LG and Funai concerning VHS Video Recorders;

WHEREAS, DIC and DIAC represent that, except as otherwise provided in their supplemental responses to Interrogatory No. 1, dated May 24, 2005, they have not participated in the manufacture, sale, offer for sale, use or importation into the United States of any VCR Product made, used, sold, offered for sale or imported by any other Daewoo entities, including but not limited to Daewoo Electronics Corp. ("DEC"), Daewoo Electronics America, Inc. ("DEAM"), Daewoo Electronics Company, Ltd. ("DECL"),  Daewoo Electronics Corporation of America ("DECA"), or Daewoo Electric Motor Industries Ltd. ("DEMI");

WHEREAS, Funai represents that it has examined the products identified by DIC and DIAC in their supplemental responses to Funai's Interrogatory No. 1, dated May 24, 2005 and has only accused the DVC-3000 Product of infringement.

WHEREAS, DIC and DIAC represent that they are not liable for damages for the manufacture, sale, offer for sale, use or importation into the United States of any VCR Product made, used, sold, offered for sale or imported by any other Daewoo entity, including but not limited to DEC, DEAM, DECL, DECA, or DEMI;

WHEREAS, DIC and DIAC represent that they have no relationship with, affiliation to, or interest in DEC, DEAM, DECL, DECA, or DEMI;

WHEREAS, Funai, DIC and DIAC agree that in the event that Funai files any subsequent pleading alleging patent infringement by DIC or DIAC of one or more Patents currently asserted in this action, and which arises from the conduct, transactions or occurrences set forth or attempted to be set forth in the Complaint filed on May 7, 2004, such subsequent pleading will relate back to the date of filing of the Complaint pursuant to Fed.R.Civ.P. 15(c).  This provision will not apply to any VCR products listed in DIC or DIAC's supplemental responses to Interrogatory No. 1, dated May 24, 2005, provided that DIC and DIAC's foregoing representations are accurate;

WHEREAS, Funai, DIC and DIAC agree that in the event Funai files any subsequent

claim alleging patent infringement by DIC and DIAC of one or more Patents currently asserted in this action, and which arises from the conduct, transactions or occurrences set forth or attempted to be set forth in the Complaint filed on May 7, 2004, pursuant to Fed.R.Civ.P. 15(c), such subsequent claim will be treated as if filed on May 7, 2004 for the purpose of calculating the six year damages period specified in 35 U.S.C. § 286;

NOW, THEREFORE, pursuant to Rule 45(a)(i) of the Federal Rules of Civil Procedure and in consideration of the foregoing recitals, Funai hereby voluntarily dismisses, without prejudice, the Complaint against DIC and DIAC, and requests that the District Court enter an Order dismissing the Complaint against DIC and DIAC without prejudice, Funai, DIC, and DIAC to bear their own costs.

**IT IS SO AGREED AND STIPULATED.**

Dated: June 13, 2005            MORGAN, LEWIS & BOCKIUS LLP

                                By: /s/ Michael J. Lyons
                                    Michael J. Lyons

                                    Attorneys for Plaintiff
                                    FUNAI ELECTRIC COMPANY, LTD.

Dated: June 13, 2005            FISH & RICHARDSON P.C.

                                By: /s/ David J. Miclean
                                    David J. Miclean

                                    Attorneys for Defendants
                                    DAEWOO INTERNATIONAL
                                    CORPORATION and DAEWOO
                                    INTERNATIONAL (AMERICA) CORP.

**IT IS SO ORDERED**

[APPROVED — Charles R. Breyer, United States District Court, Northern District of California seal]

_____    June 16, 2005
Hon. Charles R. Breyer          Date
United States District