UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD.,<br><br>            Plaintiff,<br>    v.<br><br>DAEWOO ELECTRONICS CORPORATION, et al.,<br><br>            Defendants. | NO.  C-04-1830 CRB (JL)<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulated Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery.  This Stipulated Protective Order is intended to provide a mechanism for the handling of confidential information to which there is no objection to producing or disclosing other than as to its confidentiality.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c). Examples of typically "Confidential" Information shall include routine financial statements, including documents relating to actual aggregate sales, revenue and profits; and any other information that is reasonably believed by the producing party or non-party to be non-public, proprietary or confidential information. However, the fact that a type of information is listed as an example of typical "Confidential" information does not preclude a party from designating such information as "Highly Confidential – Attorneys' Eyes Only" information, if the party reasonably and in good faith believes that such higher designation is necessary to protect the business, financial, or commercial interests of the producing party.

2.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. Examples of typically "Highly Confidential - Attorneys' Eyes Only" information shall include technical drawings and specifications, research or development information, information relating to license royalty rates and lump sum payments for licenses; information relating to strategies and negotiations for licensing intellectual property and/or business relationships with third parties; confidential information of licensees and customers, including prices and volume of sales to particular customers; information relating to administration of intellectual property

licenses; or any otherwise CONFIDENTIAL information the public disclosure of which would materially affect the business, financial, or commercial interests of the producing party.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The parties agree to treat as confidential any information produced by a third party as if it were produced by a party to this action.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party or non-party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall rest on the party making such designations.

5.2 Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or non-party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party or non-party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party or non-party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony has up to 30 days after receiving a formal copy of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only

those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. Counsel receiving such notice shall be responsible for destroying any copies of the improperly designated transcript or portion thereof in their possession or control upon the availability of the properly designated transcript from the court reporter.  Pending expiration of the 30 days, deposition transcripts and exhibits not previously produced shall be treated as if they had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under this Protective Order.  In addition, Designated Material may be used by the receiving or non-designating parties in deposing the Designating Party, and in deposing any directors, officers, employees, agents, or attorneys of such Designating Party.

Where testimony is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during a deposition, the Designating Person may exclude from the designated part of the deposition all persons other than those to whom the designated material may be disclosed under Paragraphs 3 or 4 of this Order.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party or non-party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(d) for written discovery responses, by placing an appropriate legend on each page of the documents, or by providing any portion thereof containing designated information in a separate document, appended to the main body of the response and incorporated by reference therein;

(e) for declarations or pleadings, by placing an appropriate legend on the face of any such declaration or pleading; and

(f) for oral disclosures (other than paragraph 5.2(b) above), by oral communication contemporaneous with the disclosure followed by confirmation in writing within 7 calendar days of the disclosure thereof.

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's or non-party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. The designating party will make itself available to confer within ten (10) days of receipt of a notice of challenge. A failure by the designating party to confer within ten days will be deemed a de-designation of the designated material. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of proof and of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Prohibited uses include, but are not limited to, patent prosecution (presently or hereafter), product development, patent licensing with non-parties to this action, and other business, financial, or competitive purposes.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party or non-party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, their legal partners, of counsel, associates and contract attorneys, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, or employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and as to whom the procedures set forth in paragraph 7.4, below, have been followed, and employees of such Expert to whom it is reasonably necessary to disclose the information for this litigation;

(d) the Court and its personnel;

(e) court reporters, their staffs, translators, interpreters, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, or in preparation for their testimony, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g) the author of the document or the original source of the information, and any person indicated thereon or otherwise established as having been recipient thereof (except where the document has been received only through the discovery or disclosure process related to any litigation or settlement discussions and the document was also designated by the producing party as confidential or otherwise protected at the time of that prior production or disclosure), and to any outside counsel of such author or addressee.

(h) to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party, subject to any conditions in that agreement or order.

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as the legal partners, of counsel, associates, contract attorneys, and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed, and employees of such Expert to whom it is reasonably necessary to disclose the information for this litigation;

(c) the Court and its personnel;

(d) court reporters, their staffs, translators, interpreters, and professional vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the author of the document or the original source of the information, and any person indicated thereon or otherwise established as having been a recipient thereof (except where the document has been received only through the discovery or disclosure process related to any litigation or settlement discussions and the document was also designated by the producing party as confidential or otherwise protected at the time of that prior production or disclosure) and to any outside counsel of such author or addressee;

(f) during their depositions, or to their counsel in preparation for their testimony, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(g) to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party, subject to any conditions in that agreement or order.

7.4 Procedures for Approving Disclosure of Designated Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated, first must make a written request to the Designating Party that (1) generally describes the designated information that the Receiving Party seeks permission to disclose, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert or his or her firm has received compensation for work by such individual Expert in his or her areas of expertise or to whom the Expert has personally provided professional services at any time during the preceding two years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party objecting to the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within seven (7) calendar days from the date of serving the written objections for an order that disclosure not be made, and the motion shall be set for the earliest possible hearing day. If no such motion is made in such time and manner, disclosure by the notifying party to the identified person or persons shall be deemed approved but shall not preclude a party from objecting to continued access by the person where facts suggesting a basis for objection are subsequently learned by the party.  If such a motion is made, no party shall disclose designated information until the motion is withdrawn or resolved by the Court.  Any such motion must

describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert should reasonably be prevented, assess the risk of harm that the disclosure would entail.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a discovery request, a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the discovery request, subpoena or order, or after recognition that such request, subpoena, or order encompasses Designated Material under this Order. Such notification must include a copy of the discovery request, subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the discovery request, subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court pursuant to Civil L.R. 79-5 in sealed enclosures on which shall be affixed the title of the particular action, an indication of the nature of their contents, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

Such material shall be deemed timely filed if delivered to a recognized overnight delivery service addressed to the Clerk concurrently with the electronic filing of the related papers.

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, including exhaustion of all appeals and petitions for certiorari, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copy that contains or constitutes Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

The inadvertent production in discovery of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered. Within ten (10) days of receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, along with a privilege log accurately describing such material, all such information, and all copies thereof, shall be returned to the Producing Party by the Receiving Party.  The Receiving Party may only challenge the designation of the inadvertently-produced information by moving for a court order compelling

production of the material. Such motion to compel shall rely solely on the description of the inadvertently-produced information that is provided on the Producing Party's privilege log, provided that the description therein is accurate; the Receiving Party may not cite or otherwise rely on the content of the inadvertently-produced information, except that if the description in the privilege log is inaccurate or misleading and the Producing Party refuses to correct it after consultation, one copy of the material may be filed under seal with the motion to compel, with all other copies returned to the Producing Party and none retained by the Receiving Party.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.4 Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying in a general way upon his examination of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not

violate this Protective Order by disclosing the contents of or the source of any "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material produced by the other party herein and designated by such producing party as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," unless otherwise permitted by this Protective Order.

13.5  Nothing herein shall be construed as a waiver of the right of any party to object to the taking of or the admissibility of any testimony or other evidence where such objection involves "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL" material.  The inadvertent or unintentional disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the specific information disclosed.

13.6  The restrictions on dissemination of information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of the inspecting party or person who, absent this Protective Order is under no restriction with respect to the dissemination of such information, or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated under this Protective Order.

13.7  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORGAN, LEWIS & BOCKIUS LLP

DATED:  June 30, 2005        /s/ Michael J. Lyons
                             Attorneys for Plaintiff
                             FUNAI ELECTRIC COMPANY, LTD.

CHUNG & PRESS

DATED: June 30, 2005         /s/ Daniel M. Press
                             Attorneys for Defendants
                             DAEWOO ELECTRONICS CORPORATION and
                             DAEWOO ELECTRONICS AMERICA, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 06, 2005



Hon. Charles R. Breyer
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Funai Electric Company, Ltd. v. Daewoo Electronics Corporation, et al.,* No. C-04-1830 CRB (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I understand that I am to retain all copies of any materials that I receive which have been designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" in a manner sufficient to secure the confidentiality of such materials from all others, including any co-workers, employees, supervisors, agents or other acquaintances, except as permitted by this Order. I specifically agree to maintain such materials in a manner consistent with the Protective Order, and all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon all copies are to be returned or destroyed as specified in the Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Michael J. Lyons, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of June, 2005, at Palo Alto.

/s/ Michael J. Lyons
Michael J. Lyons