United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAEWOO ELECTRONICS CORP.,<br><br>    Defendant.<br>_____/ | No. C 04-01830 CRB<br><br>**ORDER GRANTING DEFAULT JUDGMENT AGAINST DAEWOO ELECTRONICS COMPANY, LTD. (DECL) AND DAEWOO ELECTRONICS CORPORATION OF AMERICA, INC. (DECA)** |

    Now comes before the Court plaintiff Funai Electric Company with a Motion for Default Judgment against defendants Daewoo Electronics Company, LTD. ("DECL") and Daewoo Electronics Corporation of America, Inc. ("DECA"). On April 18, 2005, the Court entered an Order to Show Cause requiring counsel for DECL and DECA to appear before it on June 3, 2005. On June 6, 2005, after no appearance was made by DECL or DECA, the Court entered default against DECL and DECA and permitted plaintiff to submit supplemental briefing in support of its Motion for Default Judgment to "prove-up" damages pursuant to Fed. R. Civ. P. 55(b)(2). On September 19, the Court received plaintiff's supplemental briefing.

    A default judgment against fewer than all defendants is appropriate "only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Upon entry of default, the factual allegations of the complaint that establish the defendant's liability are accepted as true, except for those regarding damages. TeleVideo Systems, Inc. v.

Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Once liability for infringement is accepted as true, the patent owner must prove damages to a reasonable probability. Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc., 761 F.2d 649, 653 (Fed. Cir. 1985). Any doubts regarding the computation of the amount of damages should be resolved against the infringer. Lummus Industries, Inc. v. D.M. & E. Corp., 862 F.2d 267, 274 (Fed. Cir. 1988).

After carefully considering the materials relevant to the damages calculations, and weighing the arguments made in open court on October 7, 2005, the Court accepts defendant's damages calculations to a reasonable probability. The Court hereby orders as follows:

1) Plaintiff's Motion for Default Judgment is GRANTED as to DECL and DECA only. Accordingly, the Court holds that DECL and DECA have directly infringed, contributorily infringed, and/or actively induced infringement of U.S. Patent Nos. 5,815,218 ("the '218 patent"); 5,987,209 ("the '209 patent"); 6,064,538 ("the '538 patent"); 6,021,018 ("the '018 patent); 6,421,210 ("the '210 patent"); and RE37,322 ("the '322 patent"). The finding of infringement includes all DECL and DECA products accused of infringement in plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1 dated January 31, 2005, or identified as a result of discovery provided by defendants after January 31, 2005 and accused of infringement prior to entry of default.

2) DECA and DECL are permanently ENJOINED from making, using, selling, offering for sale, or importing into the United States any product identified in this order to infringe one or more of the '218, '209, '018, '210, '538 and '332 patents.

3) Each of the patents-in-suit is valid and enforceable as to DECA and DECL only.

4) Plaintiff is awarded compensatory damages in the amount of $6,956,187.

5) Plaintiff is awarded prejudgment interest from the last date of the infringement period, October 25, 2002, to the present. Plaintiff shall recalculate the prejudgment interest and submit it with the application for fees and costs described below.

6) Plaintiff is awarded reasonable attorneys' fees and costs because this is an exceptional case under 35 U.S.C. §285. Defendants' decision to abruptly cease defending

themselves in this matter, coupled with a refusal to turn over relevant documents pertaining to this lawsuit, warrants this finding.  In order to determine a reasonable amount of fees and costs, plaintiff may submit a separate fee application and bill of costs no later than October 28, 2005.

**IT IS SO ORDERED.**

Dated: October 7, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE