**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAEWOO ELECTRONICS CORP. et al,<br><br>　　　　Defendants.<br>_____/ | No. C 04-01830 CRB<br><br>**MEMORANDUM AND ORDER AMENDING DEFAULT JUDGMENT AGAINST DAEWOO ELECTRONICS COMPANY, LTD. (DECL) AND DAEWOO ELECTRONICS CORPORATION OF AMERICA, INC. (DECA)** |

　　Now pending before the Court is a Motion for Reconsideration of the Court's Order Granting Default Judgment filed by defendants Daewoo Electronics Corporation (DEC) and Daewoo Electronics America, Inc. (DEAM). Defendants oppose the Court's entry of default judgment on October 7, 2005, against Daewoo Electronics, Ltd. (DECL) and Daewoo Electronics Corporation of America, Inc. (DECA). The non-defaulting defendants urge the Court to hold the default judgment in abeyance until the case-in-chief is resolved in order to avoid potentially inconsistent judgments. See Frow v. De la Vega, 82 U.S. (15 Wall.) 552 (1872). After carefully considering the parties' moving papers, and with the benefit of oral argument, the Court DENIES the Motion for Reconsideration. The Court further finds that there is no just reason to delay the entry of default judgment against some but not all defendants. See Fed. R. Civ. P. 54(b). The Court's October 7 Default Judgment remains in effect, amended as follows:

1. The Court finds that, based on plaintiff's representation that the defaulting defendants have assets remaining, there are exigent circumstances warranting immediate entry of a default judgment. The additional international connections of the defaulting defendants add to the urgent nature of the judgment. Moreover, any success plaintiff has in collecting on the judgment further inures the non-defaulting defendants from possible future liability for the default judgment.

2. The Court will not consider plaintiff's recently added successor and joint and several liability claims until after the patent infringement claims are resolved.

3. To the extent that the default judgment may ultimately become inconsistent with a resolution on the merits, and that the non-defaulting parties are found to be either the successors in interest of or jointly and severally liable with the defaulting parties, the non-defaulting parties may file a motion to amend the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: December 12, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE