UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAEWOO ELECTRONICS CORPORATION, ET AL.,<br><br>Defendants. | No. C 04-1830 CRB (JL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DAEWOO ELECTRONICS CORPORATION AND DAEWOO ELECTRONICS AMERICA, INC.**<br>**Docket No. 180** |

### Introduction

Plaintiff Funai requests sanctions against the Daewoo Defendants for violation of two court orders. The court finds Defendants have not violated the orders. Sanctions, especially attorney's fees, are not proper, as they relate to previous alleged violations and other defendants not before this Court. The Court therefore denies with prejudice Plaintiff's motion for sanctions, except for those relating to the court's previous orders (e.g. the composition agreement and cross-referencing of customer sales information) which the court denies without prejudice, allowing Plaintiff to re-file after Judge Breyer issues the claim construction order in this case and opens damages discovery.

### Factual and Procedural History

Plaintiff alleges that the business of manufacturing and sale of Daewoo's infringing VCR products was transferred in October 2002 from the defaulting defendants, Daewoo Electronics Co., Ltd. ("DECL") and Daewoo Electronics Corporation of America ("DECA") to the remaining defendants, Daewoo Electronics Corporation ("DEC") and Daewoo Electronics America, Inc. ("DEAM"). DEC and DEAM allege that all liability is with the defaulting defendants. Plaintiff filed a claim for successor liability against DEC and DEAM on May 7, 2004 holding these defendants liable for damages caused by DECL and DECA.

This court partially granted Plaintiff's motion to compel discovery on April 14, 2005. Defendants did not promptly comply. The court then issued an order on July 14 for Defendants to Show Cause as to why they and their counsel should not be sanctioned under Rule 37(b)(2). Defendants responded to interrogatories on July 28, 2005. The court ordered sanctions against Defendants (DEC and DEAM) on August 3, 2005 in the amount of $20,000 for discovery violations. The Court also warned Defendants that they risked issue preclusion sanctions for continued violations of the Court's orders.

On September 19, 2005 Plaintiff filed its damages assessment against the two defaulting defendants as requested by the trial court. Two days later on September 21, Defendants submitted their customer model number chart and revealed customer names previously unknown to Plaintiff. The additional customers' names could not be used in the already submitted damage assessment. On October 7, 2005 Judge Breyer awarded $7 million dollars in compensatory damages to Plaintiff as part of a default judgment against DECL and DECA. Further, under 35 U.S.C. § 285 Judge Breyer declared this to be an exceptional case, allowing Plaintiff to recover attorney's fees and costs against the two defaulting defendants. Plaintiff filed its Motion for Sanctions with this court on October 28, 2005.

## Legal Argument

### Plaintiff's Argument

Plaintiff argues that DEC and DEAM remain in contempt of the court's April 14 and July 14 Orders. Plaintiff argues that by failing to comply, Defendants concealed the full

extent of damages recoverable by Plaintiff. Defendants allegedly failed to disclose customer model numbers for Daewoo products. Plaintiff rejects Defendants' claim that they did not receive substantial sales information from DECL and DECA. Plaintiff argues that for two years employees worked simultaneously for DECL and DECA and DEC and DEAM. Plaintiff argues Defendants' failure to disclose information in their possession forced Plaintiff to gather missing customer information from thirty-six third party sources, limiting Plaintiff to a partial accounting of Daewoo customers. Plaintiff argues that Defendants failed to disclose sixty-six customers, amounting to two-thirds of Defendants' customers. Plaintiff further argues that Defendants have either concealed or destroyed documents.

Plaintiff claims that it discussed a motion for sanctions in a September 23, 2005 letter sent to Defendants and at an August 3, 2005 "hallway" meeting before a court hearing that same day. Plaintiff alleges that it received no meaningful response from Defendants. Following Defendants' failure to respond, Plaintiff filed a motion for sanctions at the suggestion of chambers staff. (Stillman Decl. in Support of Plaintiff's Reply, Para. 2.) Plaintiff argues that Defendants' failure to provide discovery as ordered by this Court prevented Plaintiff from recovering millions more in potential damages against the defaulting defendants. (Plaintiff's Reply, p. 4)

Plaintiff cites a previous case between IP Global and the defaulting defendants. *IP Global, Ltd. v Thomson Consumer Electronics, Inc., et al.*, Civil Action No. 00-361 (RGD) (E.D. Va.), filed May 15, 2001. This case involved allegations of patent infringement related to the products at issue in the case at bar. In that case the judge sanctioned defendants $60,000 and ordered those defendants to allow site inspections of their Korean and New Jersey facilities.

Plaintiff argues that Defendants in the case at bar willfully destroyed eighty boxes of discovery documents generated in the *IP Global* case to prevent Plaintiff from acquiring information for the present suit. Plaintiff cites a similar failure by Defendants to produce

computer files originally controlled by DECL and DECA, now under the control of DEC and DEAM.

Plaintiff requests that the Court first compel Defendants to pay for costs and fees incurred by Plaintiff for issuing subpoenas to the customers whose names Defendants withheld. Second, Plaintiff asks Defendants to pay the costs for site visits and an examination of documents in Defendants' facilities in New Jersey and South Korea. Third, Plaintiff asks the Court to compel Defendants to submit detailed accounts of how Defendants lost the requested sales and customer information. Finally, Plaintiff seeks other costs arising from its motion for sanctions. Plaintiff argues that previous monetary sanctions did not deter Defendants from engaging in improper behavior and therefore the Court should issue further sanctions against Defendants prompting them to comply with the Court's previous orders.

### Defendants' Argument

Defendants deny wilfully violating the court's April 14 and July 14 Orders. Defendants state that any customers omitted from the "Sales Report" only purchased small quantities of products. Defendants also state that in preparing the "Sales Report," they had no knowledge that this information would be relevant to Plaintiff's default judgment motion against DECL and DECA. Moreover, Defendants argue that Plaintiff misused the discovery process against them to pursue a default judgment against their co-defendants. Defendants argue that they had no knowledge of the filing date for the default judgment motion in relationship to their response to the Court's discovery orders. DEC and DEAM deny knowing that Plaintiff would hold them liable for the damages of the defaulting defendants.

Defendants argue that Plaintiff failed to engage in the required meet and confer process before filing this motion and that Plaintiff violated this court's standing orders by submitting a complete motion as opposed to the joint statement required by the court's standing order.

Defendants argue that sanctions in this matter would be dispositive of claims and defenses and are outside the authority of a magistrate judge to award.

Defendants also argue that Plaintiff failed to pay for its portion of the English translation of the Asset Purchase Agreement. Defendants state that failure to pay for the translation amounts to a violation of the court's April 14 Order upon which the July 14 Order is based.

Regarding the destroyed boxes of documents, Defendants contend that the boxes were under the control of DECA when they were destroyed. (Decl. of Tai Cho, para 3 and 4.) Further, Defendants' counsel did not instruct DECA to destroy these documents. Defendants further argue that when the documents were destroyed, the current litigation had not come to the attention of Defendants' counsel. Defendants also claim that they did not acquire the company until after the computer systems and files were removed as a result of the sale.

Finally, Defendants argue that Plaintiff is attempting to harass Defendants and prevent this case from being adjudicated on the merits. Defendants cite the example of the Asset Purchase Agreement translation as unnecessary and claim Plaintiff requested the translation only to increase Defendants' costs. Defendants argue that Plaintiff erroneously references *IP Global* when the products in that case are different from the products in this case. Further, the *IP Global* case involved DECL and DECA as defendants and not DEAM and DEC. Defendants claim that Plaintiff's proposed sanctions are not warranted. Further, the proposed site inspection would also be unwarranted as Funai and Daewoo are competitors in many areas. Defendants argue that Daewoo has an interest in protecting its trade secrets. Defendants claim that Plaintiff filed this motion for sanctions only to frustrate Defendants and drive up the cost of litigation.

**Legal Analysis**

Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 grants power to issue sanctions for a party's failure to comply with a court's orders and local rules. The court also retains the power to

sanction parties for bad faith, litigation misconduct, wilful disobedience of a court order, and to award attorney's fees and costs. Further, under Civil L.R. 1-4, "failure by counsel or a party to comply with any duly promulgated local or any Federal Rule may be a ground for imposition of any authorized sanction." Under Federal Rule 37(b)(2) sanctions are appropriate only in extreme circumstances where the violation is due to willfulness, bad faith, or fault of the party. The court may apply the following five-part test for any failure to comply with discovery. The court shall consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *In re Heritage Bond Litigation*, 223 F.R.D. 527, 530 (C.D. Cal 2004).

Defendants argue that the proposed sanctions improperly assess liability for the actions of the defaulting defendants. The proposed sanctions are for discovery violations and are not dispositive of Defendants' claims and defenses. Nevertheless, under Fed.R.Civ.P. 37(b)(2) this court retains the power to designate facts, prohibit the disobedient party from introducing matters into evidence, strike out pleadings, and order physical and mental examinations. Whether the sanctions are dispositive is irrelevant to this court's power.

Defendants Are Not in Violation of the Court's Orders

In the April 14 Order, the court ordered Defendants to: (1) submit preliminary invalidity contentions; (2) turn over all VCR product specimens; (3) turn over all service manuals and schematics; (4) turn over the Asset Purchase Agreement along with the "Composition Agreement"; (5) designate 30(b)(6) witnesses. Plaintiff's argument <u>only</u> addresses Defendants' failure to submit the "Composition Agreement" listing the customer model numbers. This court again determined in its July 14 Order that the "Composition Agreement" had not been produced and production should be forthwith. The court must again determine if Defendants have complied with this Order.

Defendants and Plaintiff agree that Daewoo omitted many of its customers and sales information. Defendants in response to Plaintiff's requests for supplemental action later revealed an additional sixty-six customers. Defendants state that DEAM has not assigned these additional customers model numbers. As a result Plaintiff claims the DEC information is not compatible with DEAM's information. Questions remain as to whether Defendants sufficiently cured the original deficiencies of their submissions. Plaintiff asks for Daewoo to resolve the discrepancies between the various submissions. The information presented to the court does not make clear how Plaintiff would like this to be accomplished or if indeed these discrepancies can be resolved. Ultimately, Plaintiff as the moving party has the burden to show a violation by Defendants. Here Defendants' possible violation relates solely to issues of damages beyond the scope of claims construction and therefore outside the present limits on discovery.

The timeliness of DEAM and DEC's submissions in relation to the due date for Plaintiff's damages assessment against the defaulting defendants is outside the scope of this court's April 14 and July 14 Orders. Looking at the two orders, Plaintiff claims a violation of one of the five requests made by the court. Regarding this alleged violation, Defendants have provided multiple submissions and have cooperated with Plaintiff to submit supplemental information when requested. This court's July 14 Order also required Defendants to reconcile all cross-referencing issues. This is more in the province of Daewoo than Funai. Cross-referencing with respect to customer and sales information appears the only instance where Defendants have yet to carry out the court's orders. Plaintiff fails to show why this issue is more serious than Defendant's failure to provide documentation on the Asset Purchase Agreement translation. This discovery request appears also to address the issue of damages, when the trial court has limited discovery to claims construction. This court finds Defendant is not in violation of the court's previous orders. The court therefore denies Plaintiff's request for sanctions for violation of the April 14 and July 14 Orders without prejudice. Plaintiff may re-file pending the January 20, 2006 claim construction hearing before Judge Breyer and the claim construction order and any subsequent rulings on the parameters of discovery.

Other Alleged Violations

### 1. Violation of the Court's Standing Orders

Defendants argue that Plaintiff violated this court's standing order by not attempting to meet and confer before pursuing sanctions. Plaintiff presents letters from August 15 and September 23, 2005 to Defendants' counsel that address the subject of sanctions. According to Plaintiff, Defendants did not respond to these letters. Plaintiff does not clarify whether Plaintiff ever proposed an actual in-person meeting to discuss sanctions, as required by this Court.

Defendants also argue that sanctions are not warranted because Plaintiff also violated this court's standing order by not attempting to draft a joint statement with Defendants. Plaintiff argues that it received permission from the Court's staff to submit a motion to the court requesting sanctions. (Stillman Decl. para 2.) Defendants correctly note that a meet and confer along with a joint statement should have been produced before Plaintiff requested sanctions. The Court notes that it received an opposition from Defendants, so the issue has been fully briefed. Accordingly the Court had sufficient information upon which to rule on the dispute despite technical fouls by both sides.

### 2. Willful Destruction of Documents

Plaintiff argues that Defendants or Defendants' counsel wilfully destroyed eighty boxes of files from a previous related litigation. Both sides' pleadings suggest that the eighty boxes were disposed of after the litigation concluded. Defendants' declarations suggest that the boxes were destroyed by DECA before the sale in the belief that because the prior litigation had concluded, the documents were no longer needed. (Decl. of Tai Cho, para 3-4.) Defendants also suggest that these boxes were disposed of before Plaintiff requested the information contained in them. Issues of spoliation are difficult to address since DECA, the party most likely responsible for the destruction, is no longer in existence. This is in fact irrelevant because this court did not address the request for these documents in either its April 14 or July 14 Order.

### 3. Production of Defaulting Defendants' Computer Files

Plaintiff argues that Defendants failed to produce computer files of DECL and DECA. The debatable issue is when and how DEAM and DEC gained control over the premises that housed the computer systems. Defendants' admissions suggest that they had control over the premises before they actually purchased DECL and DECA. Plaintiff argues that the purchase of the property occurred a year and a half <u>after</u> Defendants took control of the business operation. This raises a question as to how Defendants could have had access to the premises before the sale occurred. Plaintiff suggests that the change of ownership was little more than a change of names on the door. Plaintiff cites individuals' overlapping employment with the defaulting defendants and DEC and DEAM. The ultimate issue is when DEC and DEAM had control over the computer system. Defendants do not clarify when the computer systems and files were removed, why they were removed or how this time frame fits within Plaintiff's requests for documents. This is in fact irrelevant because this court did not address these computer files in either its April 14 or July 14 Order.

### 4. IP Global Litigation

Plaintiff cites the sanctions imposed against the defaulting defendants in the *IP Global* case as a further justification for sanctions in this case. Defendants point out that the patent infringement issues in that case involved different products than this case. According to Defendants, the patents in that litigation expired in late 1999 and have no bearing on the current case. Regardless, those sanctions stem from a completely separate litigation involving the defaulting defendants. The court cannot award sanctions solely on the basis of similar circumstances in a different case and a different court.

### 5. Asset Purchase Agreement Translation

Defendants state that Plaintiff has yet to pay for its share of expenses for translation of the Asset Purchase Agreement. Plaintiff responds that it received no assurance of the quality of the translation. Plaintiff refuses to pay for its share of the translation without proper assurances from Defendants, which it has yet to receive. Plaintiff presents a reasoned rationale for nonpayment and therefore is not in violation of the court's April 14 Order.

Sanctions Are Not Warranted

This Court cannot concern itself with the default judgment against DECL and DECA and the damages stemming from that judgment. This Court will only rule on Defendants' possible violations of this Court's orders. Therefore, this Court determines that Defendants are not in violation of the court's April 14 and July 14 Orders. This Court does not address Defendants' violations in previous cases or prejudice against Plaintiff in judgments already decided. Therefore, sanctions will not be awarded.

Plaintiff's Proposed Sanctions Are Improper

Plaintiff first asks this court to order Defendants to pay its costs and attorney's fees for subpoenas to the sixty-six customers just identified by Defendants. Plaintiff has not submitted a separate motion to the court for sanctions as required by Civil L.R. 7-8.

Plaintiff also asks the court to order Defendants to pay Plaintiff's costs and attorney's fees incurred in future site visits and examinations of Defendants' computer and document records in Korea and New Jersey. The court declines to award costs and fees that have not yet been incurred.

Finally, Plaintiff requests that the court order Defendants to specify how DECL and DECA sales and customer information was lost. This request relates to the default judgment already entered by Judge Breyer against the two defaulting defendants and not to discovery matters involving DEC and DEAM. This request is beyond the scope of the court's April 14 and July 14 Orders and is therefore denied.

## Conclusion

Both sides continue to debate minor issues of discovery, many of which relate to damages, in anticipation of the claims construction hearing scheduled for January 20, 2006. Neither party is in violation of the court's previous orders. Plaintiff seeks to remedy past violations already resolved by this court or to address issues with the defaulting defendants. This Court denies Plaintiff's motion for sanctions with regard to both previous orders and the defaulting defendants. This court denies Plaintiff's motion for sanctions regarding the court's April 14 and July 14 Orders specifically as to the composition

1 | agreement and the cross-referencing of customer sales information without prejudice,
2 | pending issuance of the claim construction order and opening of damages discovery.
3 | IT IS SO ORDERED
4 | DATED: December 29, 2005

JAMES LARSON
Chief United States Magistrate Judge