UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, | No. C 04-1830 CRB  (JL) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| DAEWOO ELECTRONICS CORPORATION, ET AL., | |
| Defendants. _____/ | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72. The Court received the parties' joint statements regarding Plaintiff's motion to compel discovery concerning damages and successor liability and Defendants' motion to compel Plaintiff to pay half the cost of the translation of the Asset Purchase Agreement and extant Composition Agreement from Korean into English. The matters came on for hearing. Lorraine M. Casto, David C. Bohrer, MORGAN, LEWIS & BOCKIUS LLP, appeared for Plaintiff. Daniel M. Press, Juan Chardiet, CHUNG & PRESS, P.C., appeared for Defendants.

**Order**

The Court considered the pleadings and arguments of counsel and hereby grants Plaintiff's motion at Docket Number 242 and denies Defendants' motion at Docket Number 249. Defendants shall immediately respond in full to Plaintiff's outstanding discovery requests. Defendants' request for Plaintiff to pay half the cost of the translation which Defendants commissioned is hereby denied.

The Court notes that on March 1, 2006 Judge Breyer issued the claim construction order and on June 9 denied Defendants' motion to bifurcate and stay discovery. Discovery should have resumed at that time, over three months ago. The Court previously permitted Defendants not to respond to Plaintiff's reasonable relevant discovery requests because the parties were focused on claim construction. Now that the claim construction order has been issued and even more so since the motion to bifurcate and stay discovery has been denied, there is no excuse for further delay. On July 13, Judge Breyer approved the parties' stipulation extending the deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e) to March 30, 2007, so that the parties will have the opportunity to resolve all outstanding discovery disputes and complete all necessary discovery prior to providing the required supplementation under Fed. R. Civ. P. 26(e).

With regard to the translation, the Court finds the translation by a law firm which does significant patent work for Defendants to be inherently suspect. The need to have the patent law firm do the translation in order to translate legal terminology or for confidentiality does not appear to be justified, since the law firm itself used a number of non-legal subcontractors to translate the documents.

The Court is also troubled by the disputed translation of a Korean term as "assets" when Funai contends and has expert testimony in support of its contention that the correct translation is "business." This is important particularly in this instance because sale of the assets of a company does not transfer its liabilities where sale of a business does.  Funai has a default judgment against a defendant whom it contends is the predecessor in interest

to the present defendant. This is significant to the character of the transaction and to Funai's successor liability claim.

For all the above reasons the Court finds that Funai should not be compelled to pay half the cost of an inherently suspect translation and that therefore Defendants' motion to compel payment should be and is denied.

Funai suggests that the Court not only deny Defendants' request to have Funai pay half the $99,260 charge for translation of the Asset Purchase Agreement and the extant part of the Composition Agreement from Korean into English but also proposes that the Court order Defendants to pay Funai half the $2,000 cost of its translation of the APA.

The Court declines to do so and orders that the parties bear their own translation expenses.

IT IS SO ORDERED.

DATED: September 18, 2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-1830\ord-242-249.wpd