IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., | No. C 04-01830 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| DAEWOO ELECTRONICS CORPORATION et al., | |
| Defendants.                              / | |

Now pending before the Court is Plaintiff's motion to strike the "final invalidity contentions" raised by the Defendant. For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

The local rules of this Court require that parties in patent lawsuits file preliminary disclosures regarding the contentions that they intend to set forth regarding infringement and invalidity. Plaintiff set forth its preliminary infringement contentions on January 31, 2005. See Patent Local Rule 3-1. Defendant set forth its preliminary invalidity contentions on March 31, 2005. See Patent Local Rule 3-3.

Subsequently, this Court held a Markman hearing to review eight terms found in six Funai patents. The Court issued its claim construction order on March 1, 2006.

1       Defendant then served Plaintiff with a set of "final invalidity contentions," pursuant to Local Rule 3-6(b)(2), on April 20, 2006. Under that rule, Defendant had authority to serve these final invalidity contentions without leave of court, "[n]ot later than 50 days after service by the Court of its Claim Construction Ruling," so long as Defendant "believe[d] in good faith that the Court's Claim Construction Ruling so require[d]."

      Now, more than six months after being served with these final invalidity contentions, Plaintiff has moved to strike them. Plaintiff contends (1) that the final invalidity contentions were not served in a timely fashion, and (2) that Defendant lacked a good-faith belief that these final invalidity contentions were necessary as a result of the Court's claim construction ruling. For both of these reasons, Plaintiff claims that Defendant was without authority to serve its final invalidity contentions and that the contentions must be disregarded.

## DISCUSSION

      As for the issue of timeliness, Plaintiff's argument is somewhat difficult to discern. Plaintiff does not argue that Defendant failed to comply with Local Rule 3-6(b)(2), which provides a defendant with fifty days to serve its final invalidity contentions. Such an argument would be untenable, as Defendant actually complied with the local deadline.

      Instead, Plaintiff notes Defendant's repeated invocation of 35 U.S.C. § 282, a statutory provision that precludes a defendant in a patent infringement case from relying on prior art without disclosing that prior art to its adversary more than thirty days before trial. Plaintiff then notes that courts may require earlier disclosures from the parties than the statute requires and observes that the statutory provision therefore "certainly does not afford Defendant[] a 'safe harbor' from which to thumb their noses at the Patent Local Rules." Pl. Mot. to Strike at 7-8. From the observation that the local rules were designed to elicit the position of the parties at an early stage in the litigation, Plaintiff extrapolates that Defendant has flouted the "spirit and substance of the Patent Local Rules" by withholding submission of its invalidity contentions until after the claim construction ruling, and that the submissions should therefore be "struck as untimely." Id.

2

Plaintiff's argument is without merit.  As a matter purely of timeliness, Defendant has complied with both the lenient statutory requirement *and* this Court's more rigorous requirement.  It would be the height of irony to throw out Defendant's final invalidity contentions as untimely when (1) Defendant actually complied with the applicable deadlines and (2) Plaintiff delayed for six months before challenging them.  Moreover, as a policy matter, these disclosure requirements are designed not to cement parties to certain argument, but rather to prevent sandbagging and any prejudice to an opposing party resulting from the tardy disclosure of relevant contentions and prior art.  Given that the disputed final invalidity contentions were filed more than fifteen months before the scheduled trial date, it is difficult to imagine what conceivable prejudice might be suffered by the Defendant at trial as a result of the timing of these "new" invalidity contentions.  Because Defendant complied with all relevant deadlines and because Plaintiff cannot suffer prejudice as a result of the timing of the disclosure of the final invalidity contentions, this Court refuses to strike them as untimely.

As to the issue of good faith, this Court cannot find that Defendant's shift in its approach to the case, as reflected in the differences between the preliminary invalidity contentions to the final invalidity contentions, was so egregious as to warrant striking the subsequent invalidity contentions.  It may be true that some of the final invalidity contentions could have been anticipated by Defendant and that its disclosure of prior art in the intitial invalidity contentions left something to be desired.  But it is just as true that a thirty-one page claim construction order, relating to six patents and construing eight relevant terms, would give any conscientious litigant pause to rethink his or her approach to the case.  This Court cannot conclude that Defendant served its final invalidity contentions without a good faith belief that the claim construction order required it to do so.  Indeed, the Court finds credible Defendant's explanation that the claim construction order required a shift in emphasis toward invalidity.  Still less is this Court willing to scrutinize the issue of Defendant's good faith when Plaintiff has delayed for half a year to contest the issue.

3

Plaintiff's motion to strike Defendant's final invalidity contentions is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE