United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FUNAI ELECTRIC COMPANY,

Plaintiff,

v.

DAEWOO ELECTRONICS CORPORATION, ET AL.,

Defendants.

_________________________________/

No. C 04-1830 CRB (JL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 26(a)(2)(B) EXPERT REPORT (DOCKET # 353)**

## I. INTRODUCTION

Plaintiff's motion to compel production of a written report from Defendant's employee-expert Mr. Dong-Han Kang was heard on April 4, 2007. Thomas D. Kohler of MORGAN, LEWIS & BOCKIUS, L.L.P., appeared on behalf of Plaintiff Funai Electric Company, Ltd. ("Funai"). Juan Chardiet of CHUNG & PRESS, P.C., appeared on behalf of Daewoo Electronics Corporation ("Daewoo"). Having considered the letter brief, the record and oral argument, this Court hereby GRANTS in part and DENIES in part Plaintiff's motion to compel an expert report.

Funai requests that this Court order Daewoo to provide a written report from employee-expert Mr. Dong-Han Kang, as required by Federal Rule of Civil Procedure 26(a)(2)(B).

United States District Court
For the Northern District of California

The Court finds that a report limited to identification of the subjects which Mr. Kang intends to provide expert opinion testimony about is warranted. This includes whether Mr. Kang will testify about matters that are outside the scope of his employment as an engineer at Daewoo, such as, technical evaluations of documents reviewed solely in preparation for litigation, and opinion testimony on the merits of the case or on matters with which he has no direct and personal knowledge. Under these circumstances, Mr. Kang would be acting essentially as an expert witness specially employed for the purpose of providing opinion testimony. Therefore at least a limited report is necessary as contemplated by Federal Rule of Civil Procedure 26(a)(2)(B).

The report need not include information regarding subjects Mr. Kang intends to testify about as a fact witness. This includes matters which Mr. Kang has direct personal knowledge of that are within the scope of his employment. The Court at the hearing ordered the report to be produced by April 12, 2007.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Funai is suing Daewoo for allegedly infringing six Funai patents relating to video cassette recorder ("VCR") design and manufacture. Funai filed its complaint on May 7, 2004. All discovery in this case has been referred by the District Court (Hon. Charles R. Breyer) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72. This Court issued Orders regarding discovery on April 14, 2005, August 3, 2005, September 18, 2006, and March 28, 2007. The discovery deadline was March 30, 2007, and a jury trial is set for July 2nd.

On June 9, 2006, Judge Breyer issued Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases. (Docket # 251). Paragraph 16 pertains to experts and states:

> A recurring problem in trials is the problem of expert witnesses trying to go beyond the scope of their expert reports on direct examination. FRCP 26(a)(2) and FRCP 37(c) limit experts to the opinions and bases contained in their timely reports (absent substantial justification or harmlessness). The Court regularly enforces these rules. FRCP 26(a) even requires that any "exhibits to be used as summary of or support for the opinions" be included in the report. Accordingly, at trial, the direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily

United States District Court
For the Northern District of California

> be added on direct examination. This means the reports must be complete and sufficiently detailed. ... By written stipulation, of course, all sides may relax these requirements. *Id.*

Daewoo identified Dong-Han Kang as a possible expert witness in its Rule 26(a)(2)(A) Disclosure. The disclosure indicated, "Mr. Kang is employed by Daewoo and is thus not retained or specially employed to provide expert testimony, nor do his duties as an employee regularly involve giving expert testimony."

Mr. Kang has been employed by Daewoo since its acquisition of DECL's assets, and before that by DECL, since 1988. Throughout his tenure, Mr. Kang has worked as an engineer on the design and development of VCR products. In addition, Mr. Kang has devoted approximately 70 percent of his time to the litigation brought by Funai, because his duties include searching for documents and information responsive to discovery requests. Mr. Kang has not testified in any related matters, however he was responsible for similar tasks in other litigation brought by Funai, particularly in Japan.

On February 23, 2007, Funai sent a letter to counsel for Daewoo objecting to Mr. Kang's classification without an accompanying written report pursuant to Rule 26(a)(2)(B) and Judge Breyer's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases" at paragraph 16. On February 26, 2007, counsel for Daewoo sent an e-mail to Funai refusing to provide a report. On March 14, 2007, during the parties' meet and confer, counsel for Daewoo again refused to provide a report.

## IV. ANALYSIS

### A. Governing Law

Federal Rule of Civil Procedure 26(a)(2)(A-B) governs the disclosure of expert testimony. Rule 26(a)(2)(A) requires that a party disclose the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Rule 26(a)(2)(B) provides that, "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is *retained* or *specifically employed to provide expert testimony* in the case or *whose duties as an employee of the party regularly involve giving expert testimony*, be accompanied by a written report prepared and signed by the witness." *See* Fed.R.Civ.P. 26(a)(2)(B). (Emphasis added).

United States District Court
For the Northern District of California

Federal Rule of Civil Procedure 26(a)(2)(B) contemplates modification by court order. Thus, Judge Breyer's Guidelines for Trial and Final Pretrial Conference In Civil Jury Cases (docket # 251), are relevant to a determination of whether Mr. Kang is required to provide a report. The "Expert" section of Judge Breyer's Guidelines mandates that direct testimony of experts at trial be limited to the matters disclosed in their reports. (Docket # 251, pg. 7). While the Guidelines are silent as to whether a written report is required from an employee-expert, Judge Breyer does highlight the importance of thorough expert reports. With this in mind, and an analysis of case law interpreting Rule 26(a)(2), it is clear that Mr. Kang must provide a report identifying areas where he intends to provide expert opinion testimony.

**1. When an employee functions essentially as an expert specially employed for the purpose of providing testimony, a report is warranted.**

Daewoo argues that because Mr. Kang is an employee, not retained or specially employed to provide expert testimony, and whose duties do not involve giving expert testimony, an expert report is not required. Daewoo urges the Court to adopt the reasoning set forth in *Navajo Nation v. Norris*, 189 F.R.D. 610 (E.D.Wash.1999), where the court literally interpreted the employee exception in Rule 26(a)(2)(B). The court found that the advisory committee notes to the 1993 Amendments lend support to this reasoning:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

The court reasoned that since the drafters have amended Rule 26(a)(2)(B) several times over the years and imposed a report obligation only on the two specific categories of expert witnesses explicitly identified, the plain language of the Rule should be given effect.

Contrary to Daewoo's contentions, and despite the plain language of Rule 26(a)(2)(B), a majority of courts require reports from employee experts who render opinions on matters outside the scope of their employment. These decisions are based in part on the purpose of Rule 26(a)(2). The Advisory Committee Notes to the Rule state:

United States District Court
For the Northern District of California

> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." (The Advisory Committee Notes on the 1993 Amendments).

In *Day v. Consolidated Rail Corporation*, 1996 WL 257654 (S.D.N.Y.), the Southern District of New York held that expert-employees were required to provide a report, notwithstanding the plain language of Rule 26(a)(2)(B). In *Day,* defendant's 26(a)(2) disclosure of employee-expert witnesses did not contain reports. Defendants argued that under the plain language of 26(a)(2)(B), a report was not required because the employee's job duties did not involve regularly giving expert testimony and because he was not retained or specially employed to provide expert testimony.

The court rejected defendant's contention because such a reading would "create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information." *Id.* at 2. In addition, the court reasoned it would "create a category of expert trial witnesses for whom no written disclosure is required - a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy." *Id*. The court analyzed the Advisory Committee notes to the 1970 and 1993 amendments as well as Federal Rule of Civil Procedure 26(b)(4)(A). The court concluded that there was little justification for excusing defendant's employee-expert from the reporting requirement because he was called principally to offer expert testimony. The court reasoned that since his duties did not normally involve giving expert testimony, "he may fairly be viewed as having been 'retained' or 'specially employed' for that purpose." *Id*. at 3. The court did recognize that there are situations in which an exception would apply, specifically when a witness is called primarily as a fact witness for expert testimony, as in the case of treating physicians. *Id.*

In *Prieto v. Malgor*, 361 F.3d 1313 (11th Cir.2004), the Eleventh Circuit expressly adopted the reasoning from *Day*. Prieto sued police officers and the county, alleging excessive force during the course of an arrest. Prieto challenged the district court's refusal to exclude an officer's expert testimony, despite the fact that the officer did not provide an expert report as provided for under Rule 26(a)(2)(B). Defendants argued that the officer,

United States District Court
For the Northern District of California

who testified as to police procedures and the reasonableness of the use of force against Prieto, was exempt from the Rule 26(a)(2)(B) reporting requirements because: (1) he was a "hybrid" witness called upon to testify to both factual and expert matters; and (2) he is an employee and therefore exempt from the rule*.* *Id.* at 1318. The court reasoned that allowing a blanket exception for all employee expert testimony would "create a category of expert trial witnesses for whom no written disclosure is required" and should not be permitted. *Id*.

The Eleventh Circuit then considered the testimony of the officer: the officer had no connection to the specific events underlying the case, apart from his preparation for the trial; he merely reviewed police reports and depositions for his opinions; he categorized the events by referring to a visual chart used for training officers; he testified that Prieto's actions constituted the highest level of resistence possible and that the officer's response was appropriate. *Id* at 1319. The court found that the officer functioned exactly as an expert witness normally does, providing a technical evaluation of evidence reviewed in preparation for trial. Because the officer had no direct, personal knowledge of any of the facts, his role was not analogous to a treating physician (the example offered by the Advisory Committee of an employee exempt from the written report requirement). *Id*. Accordingly, the court found that the officer was required to provide a report.

In *Towne v. Shasta County*, Slip Copy 2006 WL 3437884 (E.D.Cal.), plaintiffs contended they suffered discrimination based on their disabilities, in applying for foster parent status. Defendants served an expert witness disclosure listing five employees as "non-retained experts," but unaccompanied by expert reports. In deciding plaintiff's motion to strike defendants' expert witness disclosure, the court addressed the issue of whether a Rule 26(a)(2) disclosure of non-retained expert employees must be accompanied by an expert report. The court found that expert reports were not required, but did so only after determining that the experts would only render opinions on matters within the scope of their employment. The court stated:

> From the entirety of the disclosure it is clear that the witnesses are not being identified for the purposes of rendering any opinion on ... her claim of

> discrimination under the ADA based upon an individual's disability. Rather, they are being identified to possibly render opinion testimony as to local and state policies and laws regarding aspects of their social work... *Id*. at 3.

The court contrasted the facts of this case from the facts in *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26 (D.Conn.2004), where the court held that reports were required from an employee-expert even when the employee's duties did not regularly involve giving expert testimony. In *McCulloch,* the parties offered the competing interpretations of Rule 26(a)(2)(B). The court expressly followed the reasoning from *Day* and declined to recognize an exemption to the report requirement based solely on the witnesses' status as employees. In *McCulloch,* the employees were designated to opine that they did perform their duties to handle and investigate insurance claims adequately. The court found that because the witnesses were directed to act outside the scope of their regular duties and to develop opinions specifically for trial, expert reports where required.

While the court in *Towne* found that reports were not warranted, it did so only after determining that the employees were testifying as to matters within the scope of their employment. Thus, the court's rational is consistent with *McCulloch, Day* and *Prieto.*

Similarly, in *El Dorado Irrigation District v. Taylor Bros., Inc*., 2006 WL 191960 (E.D.Cal.2006) (Not Reported), the court noted, "Courts that have addressed the issue at bar have concluded that the Rule does require a written report despite the expert being employed by the tendering party in other than a forensic capacity." *Id*. at 2. And "[a]t least one question that is raised by the evolving Rule 26(a)(2)(B) jurisprudence is its effect on the actual language of the Rule. It may well be that at some point it is not unreasonable to conclude that the weight of authority construing a Rule defines its meaning, despite its language apparently contradicting that construction." *Id*. at 3. Because the district court judge issued orders requiring reports from all experts, the Magistrate Judge did not decide the issue based on Rule 26(a)(2)(B), but on the orders.

Thus, while Mr. Kang's job duties do not involve regularly providing testimony and while he was not retained or specially employed to provide testimony, he is not

United States District Court
For the Northern District of California

automatically exempt from the report requirement. Courts impose the report requirement on employees who testify regarding matters outside the scope of their employment, who provide technical evaluations of evidence reviewed solely in preparation for trial, who provide opinion testimony on the merits of the case, or who have no direct and personal knowledge of the facts to which they are testifying. To the extent that Mr. Kang's testimony runs along these lines, Funai has a right to be informed about the basis of the opinions.

**V. CONCLUSION**

The Court finds that a report limited to identification of the subjects about which Mr. Kang intends to provide expert opinion testimony is warranted. This includes matters that are outside the scope of his employment as an engineer at Daewoo, such as, technical evaluations regarding documents reviewed solely in preparation for litigation, and opinion testimony on the merits of the case or on matters about which he has no direct and personal knowledge. Under these circumstances, Mr. Kang is acting essentially as an specially employed expert witness for the purpose of providing opinion testimony. Therefore, at least a limited report is necessary as contemplated by Federal Rule of Civil Procedure 26(a)(2)(B).

The report need not include information regarding matters about which Mr. Kang intends to testify as a fact witness. This includes subjects about which Mr. Kang has direct personal knowledge of matters that are within the scope of his employment. The Court at the hearing ordered the report to be produced by April 12, 2007.

IT IS SO ORDERED.

DATED: April 11, 2007

JAMES LARSON
Chief United States Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-1830\Ord-grantinpart-353.wpd