1
2
3
4       UNITED STATES DISTRICT COURT
5       NORTHERN DISTRICT OF CALIFORNIA
6
7    FUNAI ELECTRIC COMPANY, LTD.,                No. C-04-01830 JCS
8              Plaintiff(s),
9         v.                                      **FINAL PRETRIAL ORDER**
10   DAEWOO ELECTRONICS
     CORPORATION, ET AL.,
11
12            Defendant(s).
     _____/
13
14       Following the Final Pretrial Conference held on December 21, 2007,  IT IS HEREBY
15   ORDERED THAT:
16       Except as modified by this Order, the Court adopts the parties' Proposed Joint Pretrial Order
17   as an order of the Court.
18       A.    Trial will commence on **January 14, 2008**, **at 8:30 a.m.,** in Courtroom D, 15th
19   Floor, U.S. District Court, 450 Golden Gate, San Francisco, California, and will last **twelve (12)**
20   **days**.  Trial days will be from 8:30 a.m. to 2:30 p.m., with a 15-minute break at 10:30 a.m. and a 45-
21   minute lunch break at noon.  Each side shall have twenty (20) hours in which to present the direct
22   examination of its witnesses and the cross-examination of the opposing party's witnesses, including
23   all objections and other time spent in front of the jury.  In addition, each side shall have up to one (1)
24   hour to present an opening statement.
25       B.    All witnesses, other than client representatives and expert witnesses, are excluded
26   from the trial.
27       C.    Not later than the first day of trial, the parties shall reach an agreement as to which
28   stipulated facts shall be read to the jury and when those facts shall be read.

1    D.    Not later than the first day of trial, the parties shall a present an agreed-upon set of

2    jury instructions for the Court's review.

3    E.    **On or before January 4, 2008**, any party may present a brief in support of

4    presentation of the video description of the patenting process to the jury.  Oppositions shall be filed

5    **on or before January 11, 2008**.

6    F.    The following claims will be tried before the jury:

7        1.    **'018 Patent**

8            a.)    Infringement of Claims 1-4 under doctrine of equivalents only;

9            b.)    Accused device: T-Mecha VCRs;

10           c.)    Only issues: (1) Is there an equivalent to the following limitation:

11           "said holder drive gear starts to drive said cassette holder from said

12           play position towards said initial position," and (2) and legal issues

13           regarding scope of equivalents;

14           d.)    Inducing and contributory infringement:

15               (1)    The parties are directed to meet and confer regarding the sales

16                   on the ledgers of the U.S. subsidiary which any party contends

17                   were made outside of the United States; and

18           e.)    Willfulness.

19       2.    **'210 Patent**

20           a.)    Infringement of Claims 1, 2, 4-7, 9, 10 under doctrine of equivalents;

21           b.)    Accused devices: T-Mecha VCRs;

22           c.)    Only issues: (1) Is there an equivalent to the limitation "insulating

23           material" present in the accused devices, and (2) legal issues regarding

24           scope of equivalents;

25           d.)    Same issues re contributory and inducing infringement;

26           e.)    Invalidity: obviousness as to the asserted claims only; and

27           f.)    Willfulness.

28

2

3. **'538 Patent**

    a.)    Infringement of Claims 1, 3, 4, 5 literally and under doctrine of equivalents;

    b.)    Accused devices: Stipulated Fact No. 46;

    c.)    Only issues:

        (1)    Is the limitation (Claims 1, 3, 4) "a bias resistor for providing a bias voltage to said base" met?

        (2)    Is the limitation (Claim 5) "biasing means providing a bias voltage to said base" met?

        (3)    Legal issues regarding scope of equivalents.

    d.)    Same issues re contributory and inducing infringement;

    e.)    Invalidity: obviousness of asserted claims;

    f.)    Invalidity: Indefiniteness of Claims 1, 3, 4: the parties shall brief the issue of whether or not this defense remains to be tried on the following schedule: Defendants' brief is due on **January 4, 2008**, and Plaintiff's brief is due on **January 11, 2008**.

    g.)    Willfulness.

G.    Motions in Limine

1.    Plaintiff's Motion in Limine No. 1 to exclude certain advice of counsel is DENIED as to the opinions of Japanese and Korean attorneys and attorney John Hale, and GRANTED as to the opinions of trial counsel.

2.    Plaintiff's Motion in Limine No. 2 to exclude evidence of foreign patent proceedings on related patents is DENIED without prejudice. Defendants must lay a foundation for relevance, but the Court will not establish a blanket rule. For example, there may be proper impeachment material or admissions in the file.

3.    Plaintiff's Motion in Limine No. 3 to exclude Mr. Kang's opinions re: validity and infringement:

    a.)    GRANTED IN PART: opinions that the FM-Mecha is prior art or was sold in the US are excluded as based on hearsay;

    b.)    GRANTED IN PART: any opinions other that as to the invalidity of the '210 and '538 Patents are excluded per agreement of defense counsel; and

    c.)    DENIED as to invalidity opinions on the '210 and the '538 Patents.

4.    Plaintiff's Motion in Limine No. 4 to exclude certain of Dr. Rice's opinions on invalidity and infringement is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to opinions as to whether the FM-

3

Mecha is prior art, regarding secondary considerations of non-obviousness, and whether rings around the transformer are magnetic shielding. The motion is DENIED as to the VHS standard.

5.    Plaintiff's Motion in Limine No. 5 to exclude evidence and argument regarding product testing re: '210 and '332 Patents is GRANTED except as to the opinions of Kang and Rice on the propriety of Kazerooni's testing as expressed in their reports including declarations filed in connection with the summary judgment motions. Plaintiff may take a one-half day deposition of Kang and a one-half day deposition of Rice on this subject before trial.

6.    Plaintiff's Motion in Limine No. 6 to exclude reference to the December 20, 2006 Summary Judgment Order is GRANTED without prejudice to any argument that a party may make regarding jury instructions.

7.    Plaintiff's Supplemental Motion re Kang is GRANTED except as to the opinions allowed in response to Plaintiff's Motion No. 3.

8.    Defendants' Motion to exclude Plaintiff's damages expert is DENIED.

H.    All parties shall complete designation of deposition testimony and interrogatories and submit the completed packages to the Court **on or before January 7, 2008**.

I.    The motion to strike cumulative experts is DENIED. The Court reserves ruling on the motion regarding proposed rebuttal witness Brodsky. That witness is not to be mentioned in front of the jury before the Court rules on whether his testimony will be permitted.

IT IS SO ORDERED.

Dated: January 3, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

4