| | |
|---|---|
| 1 | DAVID C. BOHRER (SBN 212397) |
| 2 | MICHAEL J. LYONS (SBN 202284)<br>ALEXANDER NESTOR (SBN 202795) |
| 3 | MORGAN, LEWIS & BOCKIUS LLP<br>2 Palo Alto Square |
| 4 | 3000 El Camino Real, Suite 700<br>Palo Alto, CA  94306-2122 |
| 5 | Tel:  650.843.4000<br>Fax:  650.843.4001 |
| 6 | E-Mail:  dbohrer@morganlewis.com |
| 7 | Attorneys for Plaintiff |
| 8 | FUNAI ELECTRIC COMPANY, LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., | Case No. C 04-1830 JCS |
| Plaintiff, | **FUNAI ELECTRIC COMPANY, LTD'S MOTION FOR PERMANENT INJUNCTION** |
| vs. | |
| DAEWOO ELECTRONICS CORPORATION, ET. AL., | Date:     August 1, 2008<br>Time:     9:30 a.m.<br>Courtroom:  A, 15th Floor |
| Defendants. | Judge:     Mag. Judge Joseph C. Spero |

[

1-PA/3708734.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

FUNAI'S MOTION FOR PERMANENT INJUNCTION
CASE NO. 04-1830 JCS

PLEASE TAKE NOTICE that, on August 1, 2008, at 9:30 a.m., or as soon thereafter as this motion may be heard, in Courtroom A of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Funai Electric Company, Ltd. ("Funai") will move, and hereby does move this Court for entry of a permanent injunction enjoining Defendants Daewoo Electronics Corporation ("DEC") and Daewoo Electronics America, Inc. ("DEAM") (for purposes of this motion collectively referred to as "Daewoo") from making, using, selling, offering for sale, or importing into the United States any of the products found to infringe one or more of Funai's patents. Funai further requests this Court to order Daewoo to provide an accounting of any ongoing Daewoo sales of infringing VCR products in the United States from November 2006 to the present and that this Court specifically enjoin Daewoo from advertising infringing product on its web-site. This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Lorraine M. Casto in support thereof, the complete files and records in this action, and any further information that may be presented to the Court regarding this motion.

I.  INTRODUCTION

The jury returned its verdict on February 6, 2008 in favor of Funai, finding that Daewoo infringed Funai's U.S. Patent Nos. 6,021,018 ("the '018 Patent"), 6,421,210 ("the '210 Patent") and 6,064,538 ("the '538 Patent"), and that the infringement was willful. *See* Special Verdict Form filed on February 6, 2008 [D.I. 631]. The verdict was limited to past damages based on Daewoo's representation that it discontinued infringing sales in 2006. Funai subsequently discovered that Daewoo was offering infringing product for sale on its web-site. This discovery prompted Funai to bring this to Daewoo's attention. Daewoo has not responded, prompting this motion. This Court is scheduled to hear post-trial motions on August 1, 2008, at or after which, it is anticipated that this Court will decide whether to enter final judgment in favor of Funai. If the Court enters such a final judgment, a permanent injunction enjoining further infringement is warranted.

II. BACKGROUND AND ARGUMENTS

    A. COUNSEL AGREED THAT THE COURT SHOULD INCLUDE INJUNCTIVE RELIEF IN ITS FINAL JUDGMENT.

In anticipation of this Court's consideration of post-trial motions, the parties negotiated the language of a stipulation providing the appropriate injunctive relief to the extent this Court enters final judgment of infringement of one or more of Funai's '018, '210 or '538 Patents. *See* Declaration of Lorraine M. Casto in Support of Funai's Motion for Permanent Injunction ("Casto Dec."), Exhibits A, B, C and D (email communications with attachments between Funai's counsel and Daewoo's counsel beginning on May 9, 2008 and ending on May 28, 2008). The parties reached agreement that a final judgment in favor of Funai should include an appropriate injunction. *See* Casto Dec., Exhibit C. The only remaining issue is whether to characterize this injunction as a "permanent injunction" or a "preliminary injunction pending appeal." *See id*. The parties telephonically met and conferred on this sole remaining issue, but were unable to reach agreement.[1] *See* Casto Dec., ¶ 6. Thus, this motion seeks resolution of this one issue: whether the injunctive relief should be deemed preliminary or permanent.

    B. INJUNCTIVE RELIEF AFTER TRIAL IS PERMANENT – NOT PRELIMINARY.

Injunctions entered post-trial are permanent; whereas injunctions entered before or during trial are preliminary; *see, e.g., eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also, e.g., Jack Guttman, Inc., v. Kopykake Enterprises, Inc.,* 302 F. 3d 1352, 1356 (Fed. Cir. 2002). A preliminary injunction is therefore premised on a "tentative development of the facts, which will be fleshed out as trial approaches." *Rosario-Urdas v. Rivera-Hernandez*, 350 F. 3d 219, 223 (1st Cir. 2003). As such, injunctive relief after trial is appropriately characterized as a permanent injunction – not a preliminary injunction. As further proof of this seemingly obvious fact, a principal deciding factor for a preliminary injunction is the likelihood of success on the

---

[1] Daewoo's unreasonable conduct in this regard, including its repeated delay in responding to Funai's communications regarding the stipulation are yet a further example of Daewoo's dilatory and uncooperative litigation conduct which has unreasonably burdened Funai throughout this action, unnecessarily increasing Funai's litigation costs as well as wasting judicial resources.

merits. *See Jack Guttman*, 302 F. 3d at 1356. In this case, there is no question that Funai has already succeeded on the merits. While Funai readily acknowledges that Daewoo will have an opportunity to appeal any final judgment, including any relief awarded by this Court, this fact does not change the fundamental nature of this Court's post-trial rulings which are intended to be final and permanent, not preliminary.

> C. EVEN ABSENT AN AGREEMENT OF COUNSEL, A PERMANENT INJUNCTION IS APPROPRIATE IN THIS CASE.

Because the jury found that Daewoo willfully infringed Funai's '018, '210 and '538 Patents, Funai seeks a permanent injunction enjoining Daewoo from further infringing conduct. The parties agree that, should this Court enter final judgment of infringement, injunctive relief is warranted. *See* Casto Dec., Exhibit C.

In considering whether to award permanent injunctive relief in patent cases, courts apply the traditional four-factor test which requires the plaintiff to show: "(1) that it has suffered [or will suffer] an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). When the patentee and infringer are director competitors, post-*eBay* courts have granted permanent injunctions because allowing the infringing competitor to continue using the patented technology would cause irreparable harm by essentially forcing the patentee to assist its competitor. *See, e.g., Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592, 613 (D. Del. 2007) (noting that the parties "are head-to-head competitors, and [the patentee] has a right, granted by Congress, not to assist its rival with the use of proprietary technology"). Further, courts have found that, without a permanent injunction, compensatory damages provide an inadequate remedy against future infringement because "the central value of holding a patent is the right to exclude others from using the patented [technology]." *See Smith & Nephew, Inc., v. Synthes*, 466 F. Supp. 978, 984 (W.D. Tenn. 2006).

The fact that Funai and Daewoo directly compete in the VCR market has caused, and will

1  continue to cause, irreparable harm to Funai in eroding Funai's market share and enabling
2  Daewoo to use Funai's proprietary technology to Daewoo's advantage in the marketplace without
3  Funai's consent. *See Novozymes A/S*, 474 F. Supp. 2d at 613. At trial, Funai presented ample
4  evidence of the irreparable harm it suffered when it lost valuable customers, such as Target, due
5  to Daewoo's infringing competition. The loss of key customer relationships may have much
6  farther reaching impact beyond the lost profits and royalties directly attributable to the diverted
7  sales

8  Funai has also already amply demonstrated the inadequacy of monetary remedies.
9  Daewoo's chronic discovery misconduct, as described in the concurrently filed brief, may
10 undermine Funai's ability to discover the full measure of damages to which it is entitled. Further,
11 damages would not adequately compensate Funai were it unable to exclude Daewoo from using
12 its patented technology because the principal value of a patent is the right to also exclude
13 competitors from using it. *See Smith & Nephew*, 466 F. Supp. at 984.

14 Given that Daewoo has categorically represented in this litigation that it no longer sells
15 VCR products in the United States, Daewoo would suffer no hardship were it enjoined from
16 conduct which it already claims to have ceased. Funai, on the other hand, would suffer
17 substantial hardship in confronting infringing competition and in having to seek further remedies
18 from Daewoo.

19 Finally, the public interest would not be disserved by enjoining Daewoo from further
20 infringement because Funai is more than capable of meeting the demand for VCR technology. In
21 addition, the public has a clear interest in protecting the rights of patent holders since the
22 existence of patent rights provide incentives for innovation, which in turn provide consumer
23 access to improved products. *See Smith & Nephew*, 466 F. Supp. 2d at 985.

24 In addition to a permanent injunction barring further infringement, Funai also seeks an
25 order requiring Daewoo to provide an accounting of any infringing sales from November 2006 to
26 the present. Despite Daewoo's repeated representations that it ceased selling VCR products in the
27 United States as of the end of 2006, Funai recently discovered that Daewoo's current U.S. web-
28 site was offering for sale infringing VCRs. *See* May 9, 2008 letter from Michael Lyons to Perry

Clark, Casto Dec., Exhibit A. Funai brought this to Daewoo's attention and asked for an explanation. *Id.* Daewoo has not responded. *See id.* For this reason, Funai also requests this Court to order Daewoo to provide an accounting of any U.S. sales of its infringing VCR products from November 2006 to the present.

III. CONCLUSION

For the above reasons, Funai respectfully requests this Court to include in its entry of final judgment a permanent injunction enjoining Daewoo from further infringing conduct, including removing reference to infringing VCR products from its web-site. Funai further requests that Daewoo be ordered to provide an accounting of any U.S. sales of its infringing VCR products from November 2006 to the present.

Dated: May 30, 2008              MORGAN, LEWIS & BOCKIUS LLP

                                 By        /s/
                                    Michael J. Lyons
                                    Attorneys for Plaintiff
                                    FUNAI ELECTRIC COMPANY, LTD.