UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DAEWOO ELECTRONICS CORP., ET AL., <br><br> Defendants. <br> _____/ | No. C-04-1830 JCS <br><br> **ORDER GRANTING FUNAI'S MOTION TO PERMIT REGISTRATION OF THE JUDGMENT FOR ENFORCEMENT IN OTHER DISTRICTS PURSUANT TO 28 U.S.C. § 1963 [Docket No. 817]** |

**I.    INTRODUCTION**

On January 21, 2009, this Court entered final judgment in favor of Plaintiff Funai after a jury found that Defendants Daewoo Electronics Corporation ("DEC") and Daewoo Electronics America, Inc. ("DEAM") (collectively, "Judgment Debtors") had infringed Funai's patents. After the automatic stay on enforcement of the judgment expired on February 4, 2009, Funai filed this Motion to Permit Registration of the Judgment for Enforcement in Other Districts Pursuant to 28 U.S.C. § 1963 ("the Motion"). In the Motion, Funai asks the Court to permit registration of the judgment in other judicial districts because Judgment Debtors lack sufficient assets in this district to satisfy the judgment. A hearing was held on the Motion on March 6, 2009. At the hearing, the Court requested that Funai provide supplemental briefing regarding the existence of Daewoo's assets in other districts. After considering the parties' arguments and declarations, the Court GRANTS Funai's Motion for the reasons stated below.

**II.    BACKGROUND**

Funai brought this action for patent infringement on May 7, 2004. A jury returned a verdict in Funai's favor on February 6, 2008, and awarded damages in the amount of $7,216,698.00. A Final

Judgment and Permanent Injunction ("the Judgment") was entered against DEC and DEAM in the amount of the jury's verdict on January 21, 2009. *See* Docket # 784. On February 13, 2009 the Court entered a Corrected Final Judgment and Permanent Injunction pursuant to Fed. R. Civ. P. 60(a) to clarify the respective liabilities of the Judgment Debtors.[1] Docket # 809. Specifically, the Corrected Final Judgment stated that DEC is liable for the entire judgment of $7,216,698.00 and DEAM is liable for a portion of this judgment in the amount of $2,298,590.00.  Docket # 809. Daewoo filed Notice of Appeal on February 6, 2009. Docket # 798; *see* Motion at 2.

Funai filed the Motion that is currently before the Court on February 20, 2009.  The Motion seeks an order permitting "registration of the final judgment for enforcement in other districts." Motion at 1. Along with the Motion, Funai concurrently filed a Motion to Shorten Time for Hearing on Fuani's Motion to Permit Registration (Motion to Shorten Time"). In the Motion to Shorten Time, Funai asserted that "am expedited hearing on its Motion to Permit Registration is warranted . . . based on Funai's legitimate fears that the Judgment Debtors can and may transfer assets necessary to satisfy the judgment . . . ." Motion to Shorten Time at 1. The Court granted Plaintiff's Motion to Shorten Time, and a hearing on the Motion to Permit Registration was held on March 6, 2009. At the hearing, Judgment Debtors confirmed that they had not posted a supersedeas bond. Also at the hearing, Funai indicated that it had discovered additional evidence of Judgment Debtors' assets in other districts. The Court allowed Funai to submit supplemental declarations and evidence to support its Motion.

## III.    ANALYSIS

Under Federal Rule of Civil Procedure 62(a), a judgment of a United States district court becomes final and enforceable ten days after judgment is entered. Fed. R. Civ. P. 62(a). At that time, the prevailing party is entitled to execute upon a judgment. Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is registered in another district pursuant to a court order.

---

[1] Entry of the Corrected Final Judgment does not affect the date on which the Judgment became ripe for execution. Fed. R. Civ. P. 60(c)(2). The automatic stay of execution of the Judgment expired ten days after entry on January 21, 2009, making the Judgment ripe for execution on February 4, 2009. *See* Fed. R. Civ. P. 62(a).

2

The registration process is set forth in 28 U.S.C. § 1963, which provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or by expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown.*

28 U.S.C. § 1963 (emphasis added). A court has discretion to permit registration during the pendency of an appeal for which no supersedeas bond has been filed upon a showing of good cause. *Id.*; *see also Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366 (7th Cir. 1991).

There is no Ninth Circuit authority explaining what constitutes "good cause." *Columbia Pictures Indus., Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). The commentary to section 1963 suggests that "good cause" may be shown by providing evidence that the judgment debtor "has substantial property in the other district and insufficient in the rendering district to satisfy the judgment." David. D. Siegel, Commentary on 1988 Revision of 28 U.S.C.A. § 1963 (West 1994). A showing that the judgment debtor "plans to remove property from the other district . . . may require more evidence than it is fair to exact" from a judgment creditor who has already prevailed at trial. *Id.* Accordingly, a court has "leeway" under section 1963 to permit registration on a lesser showing. *Id.* Courts that have found good cause "have generally based their decisions on the absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures*, 259 F.3d at 1197-98; *see also Chicago Downs*, 944 F.2d at 372 (district court did not abuse discretion in granting motion to register judgment where judgment debtor owned substantial property in other districts). The majority of courts that have addressed this question have required that the judgment creditor identify assets in a specific district where they wish to register the judgment. *See, e.g.*, *Finova Capital Corp. v. Arledge*, No. 02-1277, 2008 WL 828504, at * 14 (D. Ariz., March 26, 2008) (allowing registration in district where real property was located but declining to allow registration other districts where no such showing was made); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (granting motion to register judgment in state of Florida, where judgment debtor had substantial assets, but declining to allow registration in other states where creditor had

not presented evidence that debtor had substantial assets); *but see Hicks v. The Cadle Co.*, No. 04-02616, 2009 WL 189938, at * 3 (D. Colo, Jan 27, 2009) ("Plaintiff is not required to conclusively prove that Defendants have assets in another jurisdiction.").

After reviewing the additional evidence provided by Funai, the Court determines that Funai has made a sufficient showing of good cause under section 1963 to permit registration of the judgment in the Northern District of Illinois, the District of New Jersey, and the Southern District of Florida. A judgment has been entered in Funai's favor, the ten-day automatic stay of Rule 62(a) has expired, and Judgment Debtors do not appear to have assets located within the district. *See* Motion at 2; Declaration of Lorraine M. Casto Filed in Support of Funai's Motions to Permit Registration and Shorten Time ("Casto Decl."), Ex. C (California Secretary of State's certification of dissolution of DEC and DEAM).  Although an appeal has been filed, Judgment Debtors have not posted a bond. In addition, Funai alleges that "at least one of the Judgment Debtors has assets in other judicial districts. For example,  . . . DEAM has its principle place of business in Florida and New Jersey, as well as bank accounts or other facilities in Illinois . . . ." Motion at 2.

Funai supports its allegation that Judgment Debtors have assets in other districts with evidence of DEAM's active bank accounts in Chicago, Illinois. *See* Supplemental Declaration of Lorraine M. Casto Regarding Judgment Debtors' Assets ("Supp. Casto Decl.") ¶¶ 3-8; Exh. A (copy of a check dated November 26, 2007, drawn on a DEAM account with a Chicago bank); Exhs. B-F.

Funai also provides evidence that DEAM does business in New Jersey, and has assets in that state. *See* Supp. Casto Decl. ¶¶ 3, 9, 11; Exhs. A (copy of check identifying DEAM's New Jersey business address); Exh. G. (Copy of check drawn on DEC account with bank in New Jersey); Exh. I (New Jersey Divisions of Corporations statement identifying DEAM's principal place of business in Lodi, New Jersey); *see also Gateway Cos., Inc. v. Vitech Am., Inc.*, No. 01-CIV-2171, 2001 U.S. Dist. LEXIS 25156, at * 3-4 (S.D.N.Y., Nov. 26, 2001)(allowing registration Florida because judgment debtor lacked assets in New York but had principal place of business in Florida; noting that in the absence of registration in another district, it can be difficult for a judgment creditor to locate assets).  Funai also provides a declaration establishing that DEAM has an office with

4

equipment and possibly inventory located in Lodi, New Jersey. Supplemental Declaration of Daniel E. Orr Regarding Judgment Debtors' Assets.

Funai has also provided evidence of Judgment Debtors' assets in Miami-Dade County, Florida. *See* Supp. Casto Decl. ¶ 10, Exh. H (Florida Divisions of Corporations statement identifying DEAM's principal place of business in Doral, Florida); Supplemental Declaration of Joshua Barcon Regarding Judgment Debtors' Assets (describing DEAM's Doral Florida office and equipment); *see Gateway*, No. 01-CIV-2171, 2001 U.S. Dist. LEXIS 25156, at * 3-4.

Last, Funai alleges that registration is proper in other districts where entities that have patent licensing agreements with Judgment Debtors are located, or where Judgment Debtor's patents are located.. Supp. Casto Decl. ¶¶ 12 - 15. The Court finds good cause to register the judgment in Washington, D.C., Virginia, Maryland and Colorado.

## IV. CONCLUSION

Because Funai has made a showing that Judgment Debtors lack assets in the Northern District of California, but have assets in other districts, the Court concludes that Funai has made a sufficient showing of good cause to register the judgment in those districts at this time. The Court therefore GRANTS Funai's Motion to Register the Judgment in the Northern District of Illinois, the District of New Jersey, the Southern District of Florida, the District of Columbia, the Eastern District of Virginia, the District of Maryland, and the District of Colorodo.

IT IS SO ORDERED.

Dated: March 9, 2009

Joseph C. Spero
United States Magistrate Judge

5