UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., | Case No. C04-01830 JCS |
| Plaintiff(s), | |
| v. | **ORDER DENYING DEFENDANTS' EMERGENCY MOTION AND VACATING HEARING [Docket No. 887]** |
| DAEWOO ELECTRONICS CORP., ET AL., | |
| Defendant(s). | |

On March 30, 2009, Defendants filed a motion entitled "Emergency Renewed Motion to Amend Judgment and Stay Execution" (hereinafter, "Emergency Motion" or "Motion"), in which Defendants noticed a hearing for Friday, April 3, 2009. Defendants assert in the Motion that the Court's Corrected Final Judgment and Permanent Injunction, filed February 13, 2009 [docket no. 809], must be amended to reflect the fact that the Court's judgment is not, in fact, final because the Court has not yet determined the amount of attorneys' fees to be awarded. Defendants also seek a stay on the execution of the judgment on the basis that it is not final. Defendants rely on the Federal Circuit's decision in *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340 (Fed. Cir. 2001). The Emergency Motion is DENIED. The hearing noticed for **April 3, 2009** is **vacated**.

In *Special Devices*, the Federal Circuit held that where the only issue on appeal is the award of attorneys' fees, the district court's decision is not final until the amount of attorneys' fees is quantified. *Id*. at 1345. The court expressly distinguished cases in which the appeal raises issues relating to the merits of the case, such as validity and infringement. *Id*. Under such circumstances, the court held, a decision may be final even where attorneys' fees have not been quantified. *Id*. (citing *Majorette Toys, Inc. v. Darda Inc., USA*, 798 F.2d 1390 (Fed. Cir. 1986)). Here, it is undisputed that the appeal raises issues relating to the merits of Funai's patent infringement claims. Accordingly, this Court's decision does not lack finality for failure to quantify attorneys' fees.

Indeed, all parties have acknowledged this finality by filing notices of appeal from the judgment in this case.

IT IS SO ORDERED.

Dated: April 2, 2009

JOSEPH C. SPERO
United States Magistrate Judge

2