Perry R. Clark (S.B.N. 197101)
Sarah L Forney (S.B.N. 254769)
Marc Tarlock (S.B.N. 257712)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Attorneys for Defendants
Daewoo Electronics Corp. et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIVISION

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., | Case No. 3:04-cv-1830 (JCS) |
| Plaintiff, | **MOTION TO STAY EXECUTION PURSUANT TO FED. R. CIV. P. 62(D) AND REQUEST FOR EXPEDITED HEARING** |
| vs. | |
| DAEWOO ELECTRONICS CORPORATION. ET AL., | Noticed Hearing Date: April 7, 2009, 9:30 a.m. |
| Defendants. | |

## I. NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on April 7, 2009, or as soon therafter as the motion may be heard, defendants Daewoo Electronics Corp. and Daewoo Electronics America, Inc., will move this court for an order staying the execution of the Court's March 11, 2009 Corrected Final Judgment pursuant to Fed. R. Civ. P. 62(d). Defendants request that this motion be heard on an expedited basis.

## II. RELIEF REQUESTED

Daewoo seeks an order staying execution the Court's March 11, 2009 Corrected Final Judgment under Fed. R. Civ. P. 62(d) and approval of the placement of $7,300,000 into an escrow account as security in lieu of a *supersedeas* bond.

## III. POINTS AND AUTHORITIES

Daewoo should be granted a stay of execution of the Court's March 11, 2009 Corrected Final Judgment under Fed. R. Civ. P. 62(d) upon the placement into an escrow account for the benefit of Funai of $2,300,000 by April 15, 2009 and $4,900,000 by June 15, 2009. Federal Rule of Civil Procedure 62(d) allows for a stay of the execution of a judgment pending appeal when the moving party posts a *supersedeas* bond. A *supersedeas* bond ensures that the appellee will be able to collect the judgment should the court of appeals affirm the judgment. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). In lieu of a *supersedeas* bond, a court may allow for the posting of alternate forms of security, such as the placement of funds into an escrow account. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (en banc); *International Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (allowing appellant to place money in escrow account as an alternative form of judgment guarantee). A court also has discretion to stay execution of judgment pending appeal without requiring a bond. *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986); *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n.*, 205 U.S. App. D.C. 47, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); *Frommert v. Conkright*, 472 F. Supp. 2d 452, 468 (W.D.N.Y. 2007) (whether to require the posting of a bond lies within the district court's discretion); *DeKalb County Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006)

("Although the language of Rule 62(d) suggests that the appellant must always post a *supersedeas* bond in order to obtain a stay on appeal, case law establishes that the district court has discretion as to the amount of the bond, and in some instances, whether to order the posting at all"); *New Access Commc'ns. LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (the court is authorized to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond).

Here, the parties do not dispute the adequacy of the *amount* or the form of the security Daewoo should post in order to stay execution of the judgment. Instead, the only issue is the timing of when the $7,200,000 should be placed into escrow. Ex. A. While Daewoo has agreed to put $2,300,000 into escrow by April 15, 2009 and an additional $4,900,000 by June 15, 2009, Funai insists that the entire $7,200,000 be placed into escrow by April 15, 2009. *Id*. Rather than accepting this arrangement, Funai has instituted collection proceedings that have had a substantial negative impact on Daewoo's business. Kim Decl. at 5-7. Funai's actions have resulted in the freezing of Daewoo's accounts used to pay its employees and vendors, as well as to pay for utilities and other services vital to its business. *Id*. This interference has severely hampered Daewoo's ability to secure a bond. *Id*.

Granting a stay of enforcement of the judgment pending appeal under the escrow plan proposed by Daewoo will not impact Funai's ability to recover if it prevails on appeal. The Court has issued a permanent injunction against Daewoo. Moreover, Daewoo Electronics America and Daewoo Electronics Corporation have considerable assets from which the judgment can be collected. Kim Decl. Ex. 2 and 3. Indeed, Daewoo Electronics America's assets are almost ten times the amount of the judgment. Under these circumstances, allowing the payment of $7,200,000 into escrow in two installments concluding on June 15, 2009 will not create any risk that Funai cannot collect the judgment if it prevails on appeal. *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 40600 (N.D. Cal. May 22, 2007) (granting a stay with no bond or other security in light of appellant's substantial assets).

Daewoo requests that this motion be heard on an expedited basis because the accounts it uses to pay its employees and vendors, and to make virtually all the payments needed to run its business

have been frozen. Unless the Court's judgment is stayed, Daewoo's ability to run its business will be in jeopardy. Accordingly, Daewoo respectfully requests that its motion to stay be heard, and granted, on an expedited basis.

Dated: April 3, 2009                             Respectfully submitted,


                                                 By:_____/S/_____

                                                     Perry R. Clark
                                                     Sarah L Forney
                                                     Marc Tarlock

                                                     Attorneys for Defendants
                                                     Daewoo Electronics Corp. et al.

# Ex. A



| | | | |
|---|---|---|---|
| "Lyons, Michael J." <mlyons@morganlewis.com> | | To | "Ravi Batta" <Ravi@rslawpa.com>, "Collings, Christopher J.M." <ccollings@morganlewis.com>, "Brochin, Robert M." <rbrochin@morganlewis.com> |
| 04/01/2009 01:00 PM | | cc | "pclark@kirkland.com" <pclark@kirkland.com>, "sforney@kirkland.com" <sforney@kirkland.com>, "Tai Cho, Esq." <taicho7@aol.com> |
| | | bcc | |
| | | Subject | RE: Funai Electric Company Ltd vs. Daewoo Electronics Corporation America, Inc et al., Case No.: 09-20645-CIV-MC/LENARD |

Dear Mr. Batta,

Funai remains adamant that any escrow arrangement must include the deposit of the full $7.2M by April 15.  Provided that Daewoo agrees to make this deposit on April 15, Funai would consider addressing the forthcoming award of attorneys fees, costs, expenses, and interest hereafter.  In other words, the current escrow arrangement would only relate to the suspension of enforcement related to the jury verdict of $7.2M and would not have any impact on Funai's rights to enforce any subsequent judgment on attorneys fees, costs, expenses and interest.  Of course, the parties would be free to reach a similar escrow arrangement with respect to the subsequent award, but we would leave that issue for discussion in the future.

Please let me know if this is acceptable.

Best regards,

**Michael J. Lyons**
**Morgan, Lewis & Bockius LLP**
2 Palo Alto Square, 3000 El Camino Real, Suite 700 | Palo Alto, CA 94306-2122
Direct: 650.843.7507 | Main: 650.843.4000 | Fax: 650.843.4001
www.morganlewis.com
Assistant: Marilyn Jean Boensch | 650.843.7578 | mboensch@morganlewis.com

**From:** Ravi Batta [mailto:Ravi@rslawpa.com]
**Sent:** Tuesday, March 31, 2009 6:28 AM
**To:** Lyons, Michael J.; Collings, Christopher J.M.; Brochin, Robert M.
**Cc:** pclark@kirkland.com; sforney@kirkland.com; Tai Cho, Esq.
**Subject:** RE: Funai Electric Company Ltd vs. Daewoo Electronics Corporation America, Inc et al., Case No.: 09-20645-CIV-MC/LENARD

Dear Mr. Lyons:

Thank you for your email. I've discussed your proposal with our client and they are willing to escrow the sum of $2.3 Million by April 15, 2009 and an additional $4.9 Million by June 15, 2009. With regards to the issue of attorney's fees, cost and expenses,  there is no award that has been accessed at this time. Therefore this is something that the parties can address when this issue becomes ripe.

I ask that you discuss this proposal with your client and advise if this agreement is satisfactory to them.

Regards,

Ravi Batta, Esq.
Rosenfeld Stein Batta, P.A.
11900 Biscayne Blvd., Suite 505
Miami, Florida 33181
Tel: (305) 895-6680
Fax: (305) 895-6682
Email: ravi@rslawpa.com
**PLEASE NOTE OUR NEW PHONE & FAX NUMBERS. THANK YOU.**

**Confidentiality Notice**:
The information contained in this e-mail message and any attachments hereto (this "Message") may be confidential and/or privileged and/or proprietary. If you are not the intended recipient or agent thereof, you are hereby notified that disclosure, copying, or distribution of this Message is strictly prohibited. If you have received this Message in error, please notify the sender by reply e-mail, delete the original Message and destroy any hard copies of the same. It is the responsibility of the recipient to ensure that this Message is defect and virus free; no responsibility is accepted by the sender or sender's employer for any loss or damage to recipients' computer system arising in any way from its use.

**Disclaimers**:
1. This firm is a Debt Collector under the Fair Debt Collections Practices Act. If you are a debtor, this can be considered a communication from a debt collector and any information may be used to collect that debt.
2. This firm also can act as a Debt Relief Agency under the Bankruptcy Reform Act. We help people file for Bankruptcy relief under the Bankruptcy Code.
3. CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury and the IRS, we inform you that any tax advice contained in this communication (including attachments) is not intended or written to be used and cannot be used for the purpose of (i) avoiding tax penalties that may be imposed under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein.

**From:** Lyons, Michael J. [mailto:mlyons@morganlewis.com]
**Sent:** Monday, March 30, 2009 3:16 PM
**To:** Ravi Batta; Collings, Christopher J.M.; Brochin, Robert M.
**Cc:** pclark@kirkland.com; sforney@kirkland.com; Tai Cho, Esq.; Neuwirth, Alan J.
**Subject:** RE: Funai Electric Company Ltd vs. Daewoo Electronics Corporation America, Inc et al., Case No.: 09-20645-CIV-MC/LENARD

Dear Mr. Batta,

Thank for your proposal.  As I have mentioned to your colleagues, Funai remains open to the negotiation of a suitable escrow arrangement that would result in the suspension of its enforcement activities.  Of course, Funai's willingness to negotiate a potential escrow arrangement is not a promise or a commitment that it is giving up or even temporarily suspending any of its rights to enforce the judgment during these negotiations.  After discussing this situation with my client, Funai has the following response:

Funai will agree to defer its enforcement efforts during the Federal Circuit appeal, if Daewoo deposits $7.2M in an escrow by April 15 and further promises to deposit into this escrow the full amount of any subsequent judgment on attorneys fees, expenses, costs, or interest within 10 days of entry of any such subsequent judgment.  This offer is contingent on the parties agreeing on a suitable escrow

arrangement. Among other thing, the escrow arrangement must specify that if Daewoo fails to timely deposit the full amount of the subsequent judgment, the escrow agent will be required to transfer immediately all of the funds in escrow to Funai as a partial satisfaction of the judgment.

Please let me know if you have any questions or would like to discuss this matter further.

Best regards,

**Michael J. Lyons**
**Morgan, Lewis & Bockius LLP**
2 Palo Alto Square, 3000 El Camino Real, Suite 700 | Palo Alto, CA 94306-2122
Direct: 650.843.7507 | Main: 650.843.4000 | Fax: 650.843.4001
www.morganlewis.com
Assistant: Marilyn Jean Boensch | 650.843.7578 | mboensch@morganlewis.com

**From:** Ravi Batta [mailto:Ravi@rslawpa.com]
**Sent:** Thursday, March 26, 2009 3:28 PM
**To:** Lyons, Michael J.; Collings, Christopher J.M.; Brochin, Robert M.
**Cc:** pclark@kirkland.com; sforney@kirkland.com; Tai Cho, Esq.
**Subject:** Funai Electric Company Ltd vs. Daewoo Electronics Corporation America, Inc et al., Case No.: 09-20645-CIV-MC/LENARD
**Importance:** High

Dear Mr. Lyons:

Please be advised that the undersigned represents Daewoo Electronics America, Inc.

You have recovered a judgment in the Northern District of California against Daewoo Electronics, Inc and Daewoo Electronics America, Inc. The Judgment has subsequently been registered in Florida, and possibly in other jurisdictions. Our client will like to work out the mechanics of a stay while the judgment is being appealed. The client proposes a supersedeas bond or an escrow in the sum of $2.3 million dollars by April 15, 2009 and an additional escrow or supersedeas bond by July 15, 2009 of $4.9 million dollars.

I urge you to discuss this matter with your client. I again ask that no additional enforcement or collection activity be taken while the parties are attempting to resolve this matter. Please note that despite this request in my prior email to your local counsel, a writ of garnishment was served on our client yesterday. If any additional enforcement or collection action is taken, our client will have no choice but to seek court intervention by filing the suitable motion in accordance with Rule 62 and/or in accordance with Rule 8 with the appellate court.

I urge you to discuss this matter with your client immediately and to avoid needless litigation and hearings on this matter. I look forward hearing back from you on or before 5:00 P.M EST on Friday, March 27, 2009.


Kind regards,

Ravi Batta, Esq.
Rosenfeld Stein Batta, P.A.
11900 Biscayne Blvd., Suite 505
Miami, Florida 33181
Tel: (305) 895-6680
Fax: (305) 895-6682
Email: ravi@rslawpa.com

**Confidentiality Notice**:
The information contained in this e-mail message and any attachments hereto (this "Message") may be confidential and/or privileged and/or proprietary. If you are not the intended recipient or agent thereof, you are hereby notified that disclosure, copying, or distribution of this Message is strictly prohibited. If you have received this Message in error, please notify the sender by reply e-mail, delete the original Message and destroy any hard copies of the same. It is the responsibility of the recipient to ensure that this Message is defect and virus free; no responsibility is accepted by the sender or sender's employer for any loss or damage to recipients' computer system arising in any way from its use.

**Disclaimers**:
1. This firm is a Debt Collector under the Fair Debt Collections Practices Act. If you are a debtor, this can be considered a communication from a debt collector and any information may be used to collect that debt.
2. This firm also can act as a Debt Relief Agency under the Bankruptcy Reform Act. We help people file for Bankruptcy relief under the Bankruptcy Code.
3. CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury and the IRS, we inform you that any tax advice contained in this communication (including attachments) is not intended or written to be used and cannot be used for the purpose of (i) avoiding tax penalties that may be imposed under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein.

```
DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.
DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.
```