UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD.,<br><br>Plaintiff(s),<br><br>v.<br><br>DAEWOO ELECTRONICS CORP., ET AL.,<br><br>Defendant(s).<br>_____/ | Case No. C-04-01830 JCS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY EXECUTION PURSUANT TO FED. R. CIV. P. 62**<br>**[Docket No. 892]** |

On April 3, 2009, Defendants filed a Motion to Stay Execution Pursuant to Fed. R. Civ. P. 62(d) and Request for Expedited Hearing ("the Motion"). In the Motion, Defendants ask the Court to stay execution of the judgment in this action under Rule 62(d) of the Federal Rules of Civil Procedure based on Defendants' proposed placement into an escrow account for the benefit of Funai $2,300,000.00 by April 15 and $4,900,000.00 by June 15, 2009. Funai opposes the Motion, arguing that Defendants should be required to deposit into escrow $9,020,872.50, at a minimum, before a stay is entered. The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.

Pursuant to Rule 62(d), "if an appeal is taken, the appellant may obtain a stay by supersedeas bond," to take effect when the bond is posted. "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *see also New Access Communications LLC v. Qwest Corp.*, 378 F.Supp. 2d 1135, 1138 (D.Minn. 2005) ("The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay") (*quoting Adzick v. Unum Life Ins. Co. of Am.*, 2003 WL 21011345 (D.Minn. April 16, 2003)). The district court has the discretion, however,

to grant a stay upon the posting of security other than a bond, such as depositing funds into an escrow account. *See International Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985). Where the court finds that the appellee's interests are adequately protected, it may even enter a stay without requiring the appellant to post any security. *See American Color Graphics, Inc. v. Travelers Property Casualty Insurance Co.*, 2007 WL 1520952 (N.D.Cal., May 23, 2007) (holding that where appellant's net assets exceeded $256,000,000 and it was undisputed that appellant would be able to pay the $4 million judgment if it lost its appeal, no security was required to stay execution of the judgment).

Here, the judgment amount, if Defendants lose their appeal, will be at least $8,378,487.00, which includes the jury's damage award, in the amount of $7,216,698.00, and prejudgment interest in the amount of $1,161,789.00.[1] In addition, the Court has held that Funai is entitled to attorneys' fees and costs, in an amount to be determined. Presently before the Court is Funai's application seeking over $5 million in fees and costs. Finally, Funai will be entitled to postjudgment interest and the costs on appeal.

Defendants' ability to satisfy the judgment, if they lose their appeal, is unclear. On one hand, Defendants have submitted financial statements for DEC (2007 only) and DEAM (2007 and 2008), suggesting that Defendants are capable of funding a supersedeas bond or posting some alternative form of security. On the other hand, Defendants' financial circumstances – as reflected by the limited evidence Defendants have provided the Court – are not so strong as to persuade the Court that a stay should be entered without a bond or other form of security sufficient to cover the full amount of the judgment. Indeed, the Court cited as one reason for denying an award of enhanced damages its finding that Defendants' financial condition was "relatively weak." Docket No. 782 at 34. Therefore, the Court holds that a stay of execution shall be entered if Defendants post a supersedeas bond in the amount of $9,020,872.50, that is, 125% of the judgment amount. The Court will increase the amount of the bond required to cover any additional amount awarded by the Court

---

[1] The calculation in support of this amount was provided by Funai in its application for attorneys' fees and costs. *See* docket no. 803. Daewoo did not contest Funai's calculation in its Opposition brief. *See* docket no. 868.

1 in attorneys' fees and costs. In the alternative, this amount may be deposited into an escrow account
2 if the parties can reach agreement as to the terms of the escrow. Upon notification by the parties that
3 either of these requirements has been satisfied, the Court will enter an order staying execution of the
4 judgment in this action pending appeal.

5     IT IS SO ORDERED.

7 Dated: April 9, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge