UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNAI ELECTRIC COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DAEWOO ELECTRONICS CORP., ET AL., <br><br> Defendants. <br> _____/ | Case No. C-04-01830 JCS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF FUNAI ELECTRIC COMPANY, LTD.'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND CALCULATION OF PREJUDGMENT INTEREST [Docket No. 803] AND AMENDING COURT'S APRIL 20, 2009 ORDER TO INCREASE AMOUNT OF BONDS REQUIRED TO STAY EXECUTION OF THE JUDGMENT AGAINST DEC AND DEAM** |

## I. INTRODUCTION

On January 5, 2009, the Court held that Funai was entitled under 35 U.S.C. § 285 to attorneys' fees and expenses incurred in connection with the three patents on which it prevailed on its infringement claims at trial. In the same order, the Court held that Funai was entitled under 35 U.S.C. § 284 to costs and prejudgment interest on the damage award from the date of first infringement. The amounts were to be determined according to proof. The Court noted, however, that it would not resolve the parties' disputes relating to costs until the parties had complied with the procedures set forth in the Local Rules relating to determination of costs. Funai filed a Bill of Costs with the Clerk's Office, pursuant to Local Rule 54-1, on February 4, 2009. The Clerk's Office has not yet taxed Funai's costs.

On February 13, 2009, Funai filed an Application for Attorneys' Fees and Expenses, and Calculation of Prejudgment Interest ("the Motion"), in which it requested the following amounts: 1) $3,473,853.63 in attorneys' fees; 2) $449,066.46 in expenses ; and 3) $1,161,789.00 in prejudgment

interest on the judgment, with DEC liable for the entire amount and DEAM liable for $321,921.00 in prejudgment interest. Defendants did not object to Funai's calculation of prejudgment interest and therefore, the Motion is GRANTED as to Funai's request for prejudgment interest. In particular, Funai is entitled to $1,161,789.00 in prejudgment interest, with DEC liable for the entire amount and DEAM liable for $321,921.00 of that amount. For the reasons stated below, the Motion is DENIED without prejudice as to attorneys' fees and costs.

## II.     ATTORNEYS' FEES

Funai requests over $3 million in attorneys' fees and expenses. It has supported its request with copies of invoices showing the fees and expenses that were billed to Funai, a time line of the case listing important motions and rulings, and a study by the American Intellectual Property Law Association ("AIPLA") Economic Survey reporting the costs of patent infringement litigation by location and amount of risk. Funai has not provided Defendants or the Court with any time sheets in support of its request, however, asserting that it would reveal its litigation strategy on appeal if it were to do so. While time sheet entries may be entitled to protection as work product or under the attorney-client privilege, blanket assertions of privilege are "extremely disfavored." *See Clark v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (holding that billing statements that contained only case name, amount of the fee and the general nature of the work performed were not privileged). Funai has cited no authority suggesting that it may withhold *all* of its billing statements from Defendants. Rather, Funai must provide Defendants with redacted time sheets so that Defendants have a meaningful opportunity to challenge the reasonableness of the fees requested by Funai. Accordingly, Funai's request for attorneys' fees is DENIED without prejudice to resubmitting its request, supported by redacted time sheets. Funai is cautioned that it may redact *only* the information that is subject to attorney-client privilege or constitutes absolute work product under Rule 26 of the Federal Rules of Civil Procedure. Redaction of information that does not fall within these narrow privileges may result in exclusion of fees for the requested time.

### III. EXPENSES

In its January 5, 2009 Order, the Court awarded Funai its "expenses" under 35 U.S.C. § 285 and its "costs" under 35 U.S.C. § 284. To avoid potential inconsistency between the Clerk's taxation of costs and the Court's award of expenses, the Court declines to address Funai's request for expenses until after the Clerk's Office has taxed costs and Funai has complied with the requirements set forth in the Local Rules for challenging the determination of the Clerk's Office. Therefore, the Court DENIES Funai's request for expenses without prejudice to renewing it after the Clerk's Office has ruled on the Bill of Costs.

### IV. CONCLUSION

The Motion is GRANTED in part and DENIED in part as follows: 1) Funai is entitled to $1,161,789.00 in prejudgment interest, with DEC liable for the full amount and DEAM liable for $321,921.00 of that amount; 2) Funai's request for attorneys' fees and expenses is denied without prejudice to renewing its request as discussed above.  Prior to submitting any future request, the parties shall be required to meet and confer, in good faith, to address any disputes relating to attorneys' fees and costs.  Failure to comply with this requirement may result in exclusion of requested amounts or, as to Defendants, waiver of specific objections.  The Court also amends its order of April 20, 2009 to increase the amounts of the bonds required in order to stay execution of the judgment to the following amounts: 1) $10,473,108.75 (DEC); and 2) $3,275,638.75 (DEAM).

IT IS SO ORDERED.

Dated: April 24, 2009

JOSEPH C. SPERO
United States Magistrate Judge