FILED
2010 SE. -7 P 6: 36
RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States Court of Appeals for the Federal Circuit

---

**FUNAI ELECTRIC COMPANY, LTD.,**
*Plaintiff-Cross Appellant,*

v.

**DAEWOO ELECTRONICS CORPORATION AND DAEWOO ELECTRONICS AMERICA, INC.,**
*Defendants-Appellants,*

and

**DAEWOO ELECTRONICS COMPANY, LTD., DAEWOO ELECTRONICS CORPORATION OF AMERICA, INC. AND DAEWOO ELECTRIC MOTOR INDUSTRIES, LTD.,**
*Defendants.*

---

2009-1225, -1244

---

Appeal from the United States District Court for the Northern District of California in Case No. 04-CV-01830, Magistrate Judge Joseph C. Spero.

---

LINN, *Circuit Judge*, concurring.

I am pleased to join the opinion of the court with the exception of Section IV.B, the result of which I join, but for a different reason. In that section, the majority affirms the district court's post-trial ruling that supported

the jury's application of the constructive notice provisions of 35 U.S.C. § 287. This ruling related to Funai's Original Equipment Manufacturer ("OEM") sales of articles covered by the '018 patent but not marked with the patent number. Because the record before us is not fully developed and this court heretofore has not directly addressed the applicability of constructive notice to OEM sales, and because substantial evidence fully supports the jury's verdict even assuming that constructive notice does not apply, I would simply affirm on the basis of the substantial evidence and not decide the constructive notice question.

Section 287 lays out the conditions under which constructive notice attaches and specifies that "patentees" and "persons making . . . any patented article for or under them" may give notice to the "public" by marking the patented article. The statute unambiguously relates to the patentee's products and by its terms extends to sales by licensees, who are "making . . . patented article[s] . . . under [the patentee]." As the majority opinion makes clear, for a patentee to avail itself of the constructive notice provisions of § 287, the marking of its products "must be substantially consistent and continuous." *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). Our precedent also recognizes that because a patentee is not directly involved in the manufacturing and packaging activities of its licensees, a "rule of reason" applies to the marking requirement in those circumstances. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996) ("When the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements."). But how the marking requirement of § 287 applies to sales of products made by a patentee for an

OEM customer as distinguished from sales of products made by a licensee under a patent is not entirely clear. Our court has not yet directly addressed the question.

Here, Funai did not contest at trial that while 88-91% of its products were sold at retail and properly marked, the remaining 9-12% of its products were sold to Funai's OEM customers for resale and were not marked with the number of the '018 patent. Funai justified this by pointing to the testimony of its witness, Mr. Mizoo, that the OEM customers controlled the packaging and wanted to differentiate their slightly higher priced products from those of Funai. Because the statute makes no explicit distinction between direct sales and sales to OEM purchasers, and because this court has not directly extended the rule of reason to OEM sales, the relevance of that testimony is uncertain. Beyond that testimony, neither the nature of Funai's OEM agreements with its customers nor the facts relating to any markings or lack of markings on OEM repackaged products is set forth in this record.

I take no position on whether the district court was right or wrong in supporting the jury's application of constructive notice under these circumstances. In my opinion, the issue is of no moment, because any error that might have been made would have been harmless. The evidence presented to the jury on damages was broken down at least in part by period and by patent. This data could have enabled the jury to assess Funai's damages theories and calculate the award by period and patent. For the '018 patent during the applicable period (prior to actual notice) the amount of reasonable royalty damages sought as part of Funai's mixed lost profits/reasonable royalty theory on damages was relatively small. Funai Trial Ex. #34. Moreover, Funai presented evidence that the entire lost profits portion of the damage request was due to the sale of articles that infringed the '210 patent

FUNAI ELECTRIC v. DAEWOO ELECTRONICS 4

and itself was significantly greater than the jury's damages award. Thus, we can assume that the jury awarded damages for the '018 patent only for those time periods in which Funai carried its burden of showing that Daewoo had actual notice. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2009) ("We will not set aside a general verdict simply because the jury *might* have decided on a ground that was supported by insufficient evidence. We will uphold such a verdict if there was sufficient evidence to support *any* of the plaintiff's alternative factual theories; we assume the jury considered all the evidence and relied upon a factual theory for which the burden of proof was satisfied.") (internal quotation marks and citations omitted).

For these reasons, I would not decide the question of constructive notice and would simply affirm on the substantial evidence that fully supports the jury's verdict apart from the OEM sales, leaving the constructive notice question as it relates to OEM sales for another day on a record that more comprehensively presents the question and requires an answer.